J. F. Alexander v. Virginia S. Bess, a widow, and
Sol L. Barfield

167 So. 533.
Division B.
Opinion Filed April 14, 1936.

*Julian E. Ross,* for Appellant;

*Patterson, Blackwell & Knight* and *A. Y. Clement,* for
Appellees.

TERRELL, J.—The bill of complaint herein prayed for the specific performance of an oral contract to lease lands, the establishment of a lost instrument, and a temporary order to preserve the res pending the disposition of the cause. The prayer for the establishment of the lost instrument was satisfied by the execution of a new lease which was agreed to, the temporary restraining order was granted after testimony was taken, a motion to dissolve was denied, answer was filed, and on final hearing the chancellor found the equities to be with the defendant, dissolved the temporary restraining order, and dismissed the bill of complaint. The present appeal is from the final decree.

The first question argued is predicated on the decree of the chancellor permitting the testimony of the defendant taken at the hearing to dissolve the temporary restraining order to be used in support of the allegations of her answer rather than submitting her to the ordeal of a second examination.

This was a matter in the discretion of the chancellor. It is shown that the defendant was present but was not in condition to undergo an examination. It is also shown that any evidence elicited from her in support of her cause on final hearing would have been substantially the same as that taken in support of the motion to dissolve the temporary restraining order. If error was committed in refusing to require the defendant to testify there is no showing whatever that it was harmful, in fact the whole record shows that it was not, and while we do not approve this practice it is not made to appear that the chancellor abused his discretion. O'Connor v. Mahoney, 159 Ill. 69, 42 N. E. 378; 22 Corpus Juris 442, 443.

The second question is grounded on the refusal of the chancellor to admit evidence offered on the part of com-

plainant with reference to the form of the contract sought to be enforced.

The record does not disclose that any objection was taken to the order of the court refusing to admit this testimony as is required by Supreme Court Rule 16, but if such objection had been taken it is conclusively shown that the order of the court refusing to admit the proffered evidence was free from error. It appears that the testimony had reference to the form of a proposed lease which was immaterial to the issue involved and could not have influenced the chancellor's decision one way or the other.

It is next urged that the chancellor committed error in refusing to admit in evidence the certificate of the registrar of Cuba and the English translation thereof for the purpose of proving the interest of defendant in and to the lands involved.

The instrument sought to be enforced was an oral contract to lease for ninety-nine years certain oil and mineral rights underlying lands claimed by defendant in Cuba. The defendant denied title to the lands but admits that she inherited the mineral rights in them from her deceased husband. The bill alleges that defendant agreed to convey all her right and interest in said lands for the sum of $500 and a royalty of one-eighth of the net earnings from gas and oil mined on said lands and that complainant paid defendant $75.00 as part of the purchase price of the lease.

The certificate of the registrar in Cuba sought to be introduced was immaterial to the issue made by the pleadings, it was in a foreign language and the translation offered was not properly authenticated or proven, it was not offered in compliance with any law of this state, the question of defendant's title was not involved, and such interest as she claimed in the lands was not derived from the government

of Cuba. We cannot see that the certificate had any probative value and was properly excluded.

The foregoing, as do all the other questions proffered, relate to the admission or the rejection of some phase of the evidence. The record has been carefully examined and not only do we find absence of harmful error but on the whole showing made we find that complainant failed to meet the degree of proof required by this Court to enforce performance of an oral contract. This Court has repeatedly held that such agreements must be supported by more than a mere preponderance of the evidence. The evidence should be clear, full, and free from suspicion. Williams v. Bailey, 69 Fla. 225, 67 So. 877.

The opinion of the chancellor was full and explicit on this point and was amply supported. His judgment and his reasons for it are affirmed.

Affirmed.

ELLIS, P. J., and BUFORD, J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgmetn.