121 So.2d 52 (1960)
TASTY BOX LUNCH CO., Inc., a Florida Corporation, Appellant,
v.
Mary KENNEDY, a/k/a Molly Kennedy, Appellee.
No. 60-176.
District Court of Appeal of Florida. Third District.
June 6, 1960.
*53 Andrew Psalidas and Bernard B. Weksler, Miami, for appellant.
Burton B. Loebl, Miami Beach, for appellee.
PER CURIAM.
This is an interlocutory appeal from an order of the chancellor denying Tasty's application for a temporary injunction. The complaint alleged that Kennedy, a former employee of Tasty, was breaching an employee agreement not to compete for a period of six months with Tasty in a certain territory or route last worked by her during her employment. The employee was asked to sign the employment contract after she had been working for Tasty for some three months because a competing catering firm was offering drivers a guarantee of $100 a week. Agreements of the type made in this case are enforceable in Florida under section 542.12 Fla. Stat., F.S.A.
In denying the injunction the chancellor held in part:
"In the case of Atlas Travel Service Company vs. Morelly (1957), 98 So.2d 816, the District Court of Appeal of the First District, reversed the Circuit Court of Volusia County which denied an injunction to a travel service company against a former manager. That case, however, can be distinguished from the case at bar in several respects. The first is that the former manager dealt with the company on more or less equal terms. Indeed at the time he entered into the contract, he received an increase in salary and retained his position as manager. In the next place, there was a clear consideration for the contract which is not present in the instant case. Here the defendant had been employed since December 24, 1958 and the contract was prepared and given her to sign on March 7, 1959. It is doubtful if there was any consideration for it. In any event, what the court says in the Love case is clearly applicable here even though the statute was passed after the Love case was decided. Namely, that the bargaining parties were not on equal terms.
"The court is mindful of what was said in the Morelly Case, that the provisions of Section 542.12, Florida Statutes, although purporting to give the court some discretion in the matter, it did not imply that the court was vested with absolute or arbitrary discretion, and is to be construed as requiring that discretion shall be reasonably exercised to the end that the object of the statute would not be nullified. Relief cannot be withheld when proofs reveal no other alternative. The court feels here that the proofs do reveal an *54 alternative and that it would be inequitable to grant the injunction.
"Accordingly, the application for a temporary injunction is Denied."
The Atlas case appears to be controlling in this instance. Inasmuch as the employment was a continuing contract terminable at the will of the employer or the employee, the continued employment and agreement to pay commissions was consideration for the employee's agreement not to compete.
To hold that the agreement is unenforceable because the bargaining parties were not on equal terms would void nearly all such agreements and this would defeat the purpose of the statute. The record here contains no suggestion of overreaching. The orders denying the temporary injunction are reversed and the cause remanded for further proceedings.
Reversed and remanded.
PEARSON and CARROLL, CHAS., JJ., concur.
HORTON, C.J., dissents.
HORTON, Chief Judge (dissenting).
I respectively dissent from the judgment of reversal and the reasons stated in support thereof.
The majority view appears to be premised upon the assumption that Atlas Travel Service, Inc. v. Morelly, Fla.App. 1957, 98 So.2d 816, is controlling. In this I disagree. The facts in the Morelly case and those in the case at bar are, to me, easily distinguishable. First, in the Morelly case, there was a consideration in addition to the employment, to support the non-competitive agreement. Upon the execution of the contract by Morelly, he was promoted to manager and received an increase in salary. Secondly, there was evident in the Morelly contract a mutuality of rights between the parties. In the case at bar, the appellee had been employed for nearly three months when the non-competitive agreement was executed, and other than the fact of her compensation for continued employment, there was no other consideration passing to support the agreement. The appellee's guaranteed salary was the same before as well as after the agreement. I am unable to agree to the proposition that the parties to this contract were bargaining on equal terms, although I concede that there is no evidence of any overreaching on the part of the employer.
I am further of the view that the statute, § 542.12, Fla. Stat., F.S.A., gave the court discretion based upon the circumstances of the case and that this discretion has been properly exercised without any showing of abuse thereof.
Accordingly, I would affirm the decree appealed.