McLANE, Associate Judge.
The appellant, plaintiff below, seeks review of a final decree dismissing his complaint in chancery.
He alleged a co-partnership existed between himself and one Henry Stone, now deceased, whereby the decedent in his lifetime agreed to finance the venture and the plaintiff to furnish his services as manager of a cattle business. The lands of the decedent, as alleged, were used as pasturage but form no part of the assets of the alleged partnership. It appears from the allegations in the complaint and admitted by the parties that the business assets at the death of the said Henry Stone consisted only of personal property. The plaintiff prayed that he as surviving partner take over the assets of the partnership and wind up its affairs through an appropriate accounting.
In dismissing the complaint the chancellor, after summarizing the proceedings, found as a matter of law the quantum of proof required to establish a verbal agreement of partnership to be greater than by a preponderance of the evidence. The final decree recites, “ * * * the Court has accepted the proposition that a mere preponderance of the evidence is not sufficient, but that the more exacting requirement that the testimony and evidence as a whole must be clear, convincing, full, free of suspicion, definite and certain is the burden of the plaintiff in this cause.” The court then concluded that the plaintiff *750 had not sustained the burden of proof under this rule of evidence.
The appellant argues two points: (1) the inapplicability of the rule to the factual situation in this case, and (2) the sufficiency of the evidence to sustain the verbal agreement of partnership.
The appellant contends that the correct yardstick to be used in the weighing of the evidence is the “preponderance of the evidence rule.” The appellee counters that the preponderance of the evidence rule applies only to common law cases and not in equity, especially where a verbal agreement is relied upon and one of the parties is dead.
Ordinarily a plaintiff in chancery is required to sustain his case by no greater degree of proof than by a preponderance of the evidence. In Pinney v. Pinney, 46 Fla. 559, 35 So. 95, an equity cause alleging fraud, the court said that where a general denial is made the plaintiff must prove the material allegations by “at least a preponderance of the testimony.” In Parken v. Safford, 48 Fla. 290, 37 So. 567, it was held, in a suit to reform a deed, that all the plaintiff is required to do as to the allegations not admitted is to “maintain the issue so made by a preponderance of the evidence.” The case of Weissman v. Jureit, 132 Fla. 661, 181 So. 898, an injunctive proceeding, affirms the preponderance of the evidence rule as appropriate in equity cases.
It follows unless a higher degree of proof is required to establish an oral partnership, after the decease of one of the partners, than during his lifetime, the plaintiff should prevail if the chancellor determines the greater weight of the evidence favors him.
 A greater burden of proof is cast upon one relying upon an implied contract than one who protects himself by an express contract. Bromer v. Florida Power and Light Co., 45 So.2d 658, 13 A.L.R.2d 1227. Also, where an action is brought to enforce an oral contract pertaining to the conveyance or establishment of an interest in land the evidence must be clear, full, and free from suspicion. Williams v. Bailey, 69 Fla. 225, 67 So. 877; Alexander v. Bess, 123 Fla. 713, 167 So. 533. Again, proof of fraud in equity must be by clear and convincing evidence and even a higher degree of proof in some cases. Matthews v. Matthews, Fla.App. 133 So. 2d 91, and cases cited therein. Too, clear, strong, and unequivocal evidence is required to establish a resulting trust, and clear and convincing evidence is necessary to sustain title by adverse possession. 13 Fla. Jur. p. 432, Evidence, § 433.
Actually the burden of offering competent evidence may well be greater where an alleged partner is deceased, for the litigant is denied the introduction of certain testimony by reason of Section 90.05, Florida Statutes, F.S.A., commonly known as the “dead man’s statute.” The chancellor was called upon to evaluate proof at a trial where the plaintiff, seeking to establish an alleged contract of partnership, filed his complaint approximately ten (10) years after the alleged inception of the venture and within thirty (30) days of the death of the deceased partner. Under these circumstances the chancellor would likely be more cautious and wish to satisfy himself as trier of the facts that the proof is clear, convincing, full, free of suspicion and certain. However, such consideration by the chancellor concerns the weight to be given the testimony or the probative force of the evidence and not the quantum of proof resting upon the plaintiff.
We, therefore, hold that the chancellor should, in determining the quantum of proof necessary for the plaintiff to sustain his complaint, adhere to the preponderance of the evidence rule. The more exacting rule of evidence applied by the chancellor is not applicable to this case.
*751 In view of the conclusion reached it is not necessary to discuss the second point presented by the appellant.
We therefore reverse with directions to the chancellor to consider the proof in light of the preponderance of the evidence rule and render an appropriate decree.
Reversed.
CARROLL, DONALD K., C. J., and WIGGINTON, J., concur.