277 So.2d 574 (1973)
Bernard W. SULTAN, Appellant,
v.
JADE WINDS CONSTRUCTION CORP., a Florida Corporation, Appellee.
No. 72-880.
District Court of Appeal of Florida, Third District.
May 8, 1973.
*575 Nicholson, Howard, Brawner & Lovett, Miami, for appellant.
Podhurst, Orseck & Parks, Miami, for appellee.
Before PEARSON, CHARLES CARROLL and HAVERFIELD, JJ.
PER CURIAM.
Plaintiff-appellant seeks review of a judgment upon a directed verdict in favor of defendant-appellee plus costs.
In August 1966 appellee, Jade Winds Construction Corp., entered into an employment contract with plaintiff-appellant as construction manager for the erection of certain condominium apartments in Dade County, Florida. Prior to the termination of this contract, a new one was negotiated and finalized in the Employment Agreement dated September 1967. The term was for a period of two years, commencing September 1, 1967 and terminating on August 31, 1969. The agreement stipulated further:
"4. TERMINATION. (a) If Sultan is not fulfilling his duties, the party of the first part may  upon giving to Sultan sixty (60) days' notice in writing  cancel and terminate the within agreement; in the event of such cancellation, the party of the second part shall receive his weekly salary to the end of said 60 days. It is understood and agreed, however, that this agreement may not be cancelled by the party of the first part solely upon the ground that it has been able to secure similar services at a sum less than the amount herein provided for to be paid to the party of the second part.
"(b) In the event that the real property is sold by the party of the first part, or in the event that construction is discontinued, or in the event that construction is delayed for any reason, then and in any event, Sultan shall, nevertheless, receive an amount equal to his salary for a period of six (6) months in one lump sum."
Plaintiff alleged that prior to the expiration of the September 1967 contract, the defendant, Jade Winds Construction Corp., orally had agreed to extend the contract on the same terms for one additional year with the exception that plaintiff's compensation would be increased 15%. Plaintiff continued to serve on the project at the increased compensation from September 1, 1969 until his termination at the end of April 1970. Thereafter, plaintiff filed suit for damages under the termination provision 4(b) of the alleged oral contract, which would entitle him to six months pay. At the time the alleged oral contract was terminated it had only four months remaining. Plaintiff does not seek to recover *576 four months salary. The first trial ended in a mistrial. At the second trial, defendant's motion for directed verdict was granted. This appeal ensued.
The main issue to be decided is, did the plaintiff prove a prima facie case? We must reply in the negative.
The plaintiff has the burden of proof by a preponderance of the evidence, and more than a preponderance of the evidence is required to establish an oral contract. Alexander v. Bess, 123 Fla. 713, 167 So. 533 (1936).
A search of the record reveals that all the defendant Jade Winds Construction agreed to in its discussions with the plaintiff regarding a continuation of his employment after September 1, 1969, was an increase in his salary and his retention for a one year period.
Although, where one enters into the service of another for a definite period and continues in the employment after the expiration of that period without any new contract, the presumption is that the employment is continued on the terms of the original contract, such a presumption may be rebutted by evidence showing a change of the terms of the contract or by proof of facts and circumstances showing that the parties understood that the terms of the old contract were not to apply to the continued service. See 53 Am.Jur.2d Master & Servant § 23 (1970).
Turning to the case sub judice, the conditions of the oral contract were different in that (1) there was a substantial increase in salary, (2) the term of the contract was different, and (3) the responsibilities under the September 1967 contract differed as the construction program then was in its initial phase as compared to September 1969 when it was nearing completion.
Additionally, we also noted the fact that upon termination of the first employment contract with plaintiff on August 31, 1967, the defendant entered into a new written contract which explicitly incorporated the terms of the previous contract with the exception of the compensation provision.
Based upon the above facts we hold that plaintiff has failed to make a prima facie case.
We have considered appellant's other points on appeal and find them to be without merit.
Accordingly, the judgment appealed is affirmed.
Affirmed.