375 So.2d 1138 (1979)
William H. SMITH, Appellant,
v.
Treva E. SMITH and Gary Hale, Appellees.
No. 78-2149.
District Court of Appeal of Florida, Third District.
October 9, 1979.
Rehearing Denied November 6, 1979.
*1139 Sidney L. Syna, Miami, for appellant.
Edward R. Rhynard, Perrine, Telisman & Lieberman and Arnold Lieberman, Coral Gables, for appellees.
Before HENDRY, KEHOE and SCHWARTZ, JJ.
HENDRY, Judge.
The appellant, respondent/husband, and appellee, petitioner/wife, were married in 1964. Three children were born of the marriage. In 1977 because of apparent irreconcilable marital difficulties petitions for dissolution of marriage were filed. The wife's petition preceded that of the husband. Both actions were consolidated and they proceeded thereafter as consolidated actions. Appellant/husband also filed in the cause a third party action against appellee, Gary Hale, the brother of the appellee/wife, seeking to set aside a deed to the marital home which the wife had delivered to her brother.
The pertinent facts of the cause reveal that in 1972 the husband and wife acquired a home at the purchase price of $65,000.00, title to which was held by them as tenants by the entireties. It was listed for sale by the parties at about the time they were on the verge of seeking dissolution of their marriage. The property was listed for sale at $125,000.00. In the event of a sale each acknowledged that they were to share equally in the net proceeds.
There came a time when the husband learned that his wife was planning to divorce him, and he represented to the court that because of his love for his wife and children, and his desire to show her that he was making an honest effort to correct the grounds of complaint his wife had regarding his past conduct, he had deeded his interest in the real property to her by quit claim deed. This was done with the understanding between husband and wife that the wife would reconvey the one-half interest in the marital home upon the husband *1140 rehabilitating himself. However, the time frame was not clearly specified by the parties.[1] The husband continued to make the mortgage payments. Although the record reflects that the husband engaged in a course of conduct which indicated a good faith effort to save the marriage, the wife decided to file for dissolution. Prior to filing in May 1977, however, the wife, without the knowledge of the husband, executed a quit claim deed to the property to her brother, Gary Hale, in April 1977.[2] These conveyances are of major concern in review of the final judgment of the trial court, which recites in part:
"ORDERED AND ADJUDGED that:
...
"5. The court has previously found that the conveyance by the Husband to the Wife of the Husband's interest in the premises known as 7800 S.W. 78th Street, Miami, Florida, was executed freely and voluntarily and therefore the court finds that said residence is the sole and separate property of the Wife free and clear of any interest which the Husband might have subject to any conveyances subsequently made and alternatively the court so awards to the Wife as lump sum alimony any interest which the Husband might have in the premises known as 7800 S.W. 78th Street, Miami, Dade County, Florida, by virtue of these proceedings and findings and awards of this court ...
"7. The Court finds in favor of the Additional Party Defendant Gary Hale, and against the Respondent/Husband/Claimant, William H. Smith, upon the issues contained in the claim against the Additional Party Defendant as amended and denies any relief in connection therewith."
We find that we must reverse the trial court on this matter. Although we specifically affirm the provisions regarding the dissolution of marriage, the child custody and visitation rights, the provisions regarding the real property constitute error, as a matter of law. A thorough review of the evidence contained in the record demonstrates the appellant's contention that the agreement between the parties to temporarily convey the husband's interest in the property to the wife is, under the facts and circumstances, legally unenforceable. Since the transfer was part of the conditions of an attempted reconciliation, the transaction was one of contract rather than gift. See, Fuller v. Fuller, 215 So.2d 507 (Fla. 4th DCA 1968) and cf. Ball v. Ball, 335 So.2d 5 (Fla. 1976). It is a fundamental principle of the law of contracts that in order for a contract to be binding and enforceable it must be definite and certain as to its terms and obligations. See generally, 7 Fla.Jur., Contracts. Indefiniteness as to the duration of an agreement can be fatal to its being found enforceable as a binding contract. In Sound City, Inc. v. Kessler, 316 So.2d 315 (Fla. 1st DCA 1975), the court held that in the absence of an express provision as to duration of a contract, the intention of the parties with respect to duration and termination is to be determined from the surrounding circumstances and by application of a reasonable construction of the agreement as a whole. In the case sub judice the record reflects that there was no agreement as to duration; the parties merely spoke of the agreement being conditioned upon the husband's making an effort to rehabilitate himself. Neither of the parties was able to testify as to any precise (or even approximate) time limit set or understood by either of them.
Of paramount importance in our consideration of the issue here is whether there is evidence in the record to the effect that the husband actually intended to convey his interest in the property on a permanent basis. It is manifestly clear that appellant had no such intention, he was merely *1141 making a good faith gesture in support of his promise to make an effort "to make the marriage work." Notwithstanding the fact that on its face the subject deed, reciting "love and affection" as the consideration, appears valid and enforceable, we find that it, in fact, is ineffective to convey the husband's interest to the wife under the specific facts of the cause. Cf. Williams v. Foerster, 335 So.2d 810 (Fla. 1976) and Sniffen v. Sniffen, 352 So.2d 113 (Fla. 4th DCA 1977).
It follows, therefore, that if the deed from husband to wife is ineffective to convey his interest in the homestead, the wife's subsequent quit claim deed to Hale is ineffective in that she was attempting to transfer appellant's one-half interest to her brother, an interest that she did not legally possess at the time. Further support for our finding the second quitclaim deed ineffective is found in Article X, Section 4, of the Florida Constitution which sets down the requirement that there be joinder of both spouses for alienation of a homestead. See also, Denham v. Sexton, 48 So.2d 416 (Fla. 1950), for discussion of the distinction between inter-spousal alienability of solely-owned homestead property and inter-spousal alienability of an estate by the entireties occupied as the home of the parties.
Accordingly, the judgment of the trial court is affirmed in part and reversed in part, and the cause remanded for further proceedings not inconsistent with this opinion. Nothing contained herein shall preclude the trial court from reviewing and revising the award heretofore made to the wife for child support, inasmuch as such award may have been gauged or influenced by the award of the entire marital dwelling to the wife. The trial court may also consider whether appellee, in order to provide shelter for the minor child of the parties, should have exclusive possession of the marital home until such time as said children are no longer dependent. There should also be a provision for disposition of the Collier County property.
If the marital home is to be in the possession of the wife, the trial judge may determine, as between the parties, who should pay the mortgage payments, taxes, insurance, repairs and other costs of maintaining the residence as a home for the minor children. The trial court is directed to provide for the equitable interest of the appellee's brother in the amended final judgment, to include monies advanced by him (cash loan, mortgage payments, costs of repairs and maintenance, if any, plus interest).
Affirmed in part and reversed and remanded in part.
NOTES
[1] The said deed was not recorded until nine and one-half months after the conveyance.
[2] The recorded deed, which on its face seems valid, recites as consideration the amount of $4,000.00. The record reflects that the wife's brother was thereby "cancelling a debt that the husband owed him for that amount."