ARDEN M. SIEGENDORF, Associate Judge.
This is an appeal by Rossmoor Corporation from a $25,235.54 judgment in favor of the plaintiff, Tri-County Concrete Products, Inc., for breach of an oral contract to supply construction materials. We affirm.
Rossmoor Corporation (hereinafter Rossmoor) was in the business of developing planned residential communities and was building in Coconut Creek, Florida. Yanke Contracting & Engineering, Inc. (hereinafter Yanke) was the underground plumbing contractor for the Coconut Creek project. In January 1974, a meeting took place between David Williams, salesman and vice-president of Tri-County Concrete *897 Products, Inc. (hereinafter Tri-County), Donald Wilkinson, Vice-President of Construction of Rossmoor, and Rodney Yanke, President of Yanke. While the events of this meeting are in sharp conflict,[1] an agreement was reached for Tri-County to supply material to Yanke for Rossmoor’s Coconut Creek project. Yanke received materials and paid for them, but later became several months delinquent. Yanke ultimately abandoned the project at Coconut Creek, and Tri-County attempted to collect the amount owed from Rossmoor. Rossmoor refused to pay and this litigation followed.
Rossmoor raises four issues on appeal. The appellant first contends that there was no oral contract between it and Tri-County. Rossmoor argues that to enforce performance of an oral contract “the evidence should be clear, full and free from suspicion” [Alexander v. Bess, 123 Fla. 713, 167 So. 533, 535 (1936)], and that the existence of such contract must be proven by “more than a preponderance of the evidence.” Alexander v. Bess, supra; Sultan v. Jade Winds Construction Corporation, 277 So.2d 574 (Fla. 3d DCA 1973). suspicion.” Since we find the record supports the trial court’s decision even under the standard of proof advanced by appellant, we must affirm on this issue.[2]
Rossmoor’s points 2 and 3 regarding oral surety and statute of frauds are pretermit-ted as we find there was a valid oral contract between Rossmoor and Tri-County. Rossmoor’s final point that its vice-president did not have authority to bind the corporation is simply not supported by the record.
Finding no reversible error, we hold that the trial court was correct in entering the final judgment appealed. It is therefore affirmed.
ANSTEAD and BERANEK, JJ., concur.
The appellee has not challenged the above statement of law but rather argues that the trial court found that proof of the oral contract was “clear, full and free of

. Appellant presented testimony to the effect that Rossmoor had only agreed to assure TriCounty that its subcontractor, whoever it would be, would purchase materials from TriCounty. Rossmoor’s vice-president then added the ambiguous statement that this “was to make sure that we would have the material when we needed it.”
Tri-County presented contrary evidence. Their vice-president stated: “Well, it was more or less agreed upon that I had the right price and I would get them material when they wanted it. Then it was inferred to me that Mr. Yanke had his own company, called Yanke Plumbing Company, out of Phoenix, Arizona, and I brought the question: ‘Now, who am I selling?’ And they said, ‘Well, will you sell Yanke Plumbing?’ And I said, ‘No. I’d have to run a credit check on them.’ And they asked me how long it would take and I said, ‘Approximately two weeks,’ and Mr. Wilkinson (Rossm-oor’s vice-president) said ‘No,’ they had to get the project going real fast. I says, ‘Well, then, who am I going to be doing business with?’ And he said, ‘Rossmoor and Yanke will be billing.’ ”

. We must note that the case law on the issue of the quantum of evidence necessary to establish an oral contract is rather unclear. Compare: Sultan v. Jade Winds, supra, and Alexander v. Bess, supra, with Rigot v. Bucci, 245 So.2d 51 (Fla.1971), and Knowles v. C. I. T. Corp., 346 So.2d 1042 (Fla. 1st DCA 1977). Also see, Transammonia Export Corp. v. Conserv, 554 F.2d 719 (5th Cir. 1977), holding that oral contracts covered by the Uniform Commercial Code are to be governed by the preponderance standard. Cf. Hi Acres Groves v. Bassett, 338 So.2d 1076 (Fla. 4th DCA 1976); Shell’s City v. Westerman, 257 So.2d 276 (Fla. 3d DCA 1971). In view of the holding in Rigot v. Bucci, supra, that fraud may be proven by a simple preponderance of the evidence, it may well be that the holding of Alexander v. Bess, supra, is no longer controlling. We need not decide that issue here.