378 So.2d 1321 (1980)
Arnaldo Fernandez BATISTA and Rock & Fill Corporation, a Florida Corporation, Appellants,
v.
WALTER & BERNSTEIN, P.A., a Professional Association, Appellee.
No. 79-967.
District Court of Appeal of Florida, Third District.
January 15, 1980.
G. Frank Quesada, Coral Gables, for appellants.
Friedman, Britton, Cohen, Kaufman, Zinkow, Benson & Schantz and J.T. Haley, Miami, for appellee.
Before HENDRY, SCHWARTZ and NESBITT, JJ.
SCHWARTZ, Judge.
The defendants below appeal from a judgment entered against them after a jury *1322 verdict for the plaintiff-appellee, a law firm, in an action to recover on an express oral contract for the rendition of legal services. We affirm.
By far the most substantial point raised by the appellants claims error in the trial judge's refusal to instruct the jury that the plaintiff had the burden of establishing the oral agreement by "clear and convincing" evidence rather than merely the "greater weight" or preponderance of the evidence, as the jury was actually charged in accordance with standard jury instructions 3.7 and 3.9. The law on this issue has very recently and very accurately been described as "rather unclear." Rossmoor Corp. v. Tri-County Concrete Products, Inc., 375 So.2d 896, 897, n. 2 (Fla. 4th DCA 1979). In resolving the uncertainty, we have concluded that the "greater weight" test applies in an action, like this one, to recover damages for breach of an alleged oral agreement, and that Sultan v. Jade Winds Construction Corp., 277 So.2d 574, 575 (Fla. 3d DCA 1973), and Shell's City, Inc. v. Westerman, 257 So.2d 276, 279 (Fla. 3d DCA 1971), which indicate otherwise, are not authoritative on the question.
A close analysis of these decisions reveals that the language which suggests, as stated in Sultan at 277 So.2d 576, that "more than a preponderance of the evidence is required to establish an oral contract" is in each case dictum.[1] Furthermore, the force of the statement in the Westerman case was, at the very least, substantially dissipated by the supreme court's quashal of our decision in that case in Westerman v. Shell's City, Inc., 265 So.2d 43 (Fla. 1972). Much more important, however, is the fact that both Sultan and Westerman are based entirely upon cases which simply do not support the broad statement of the law for which they are cited. Sultan relies solely, and Westerman primarily, upon Alexander v. Bess, 123 Fla. 713, 167 So. 533 (1936). The Alexander case, however, as well as the only decision which it cites, Williams v. Bailey, 69 Fla. 225, 67 So. 877 (1915), both involve the right to the specific performance of an oral agreement for the conveyance of an interest in realty. The same is true of another of the three cases cited in Westerman,[2]Miller v. Murray, 68 So.2d 594 (Fla. 1953), and of Hi-Acres Groves, Inc. v. Bassett, 338 So.2d 1076, 1077 (Fla. 4th DCA 1976). That the rule expressed in these decisions should not be applied across-the-board to all actions based upon oral contracts is demonstrated by Trickey v. Stone, 152 So.2d 748 (Fla. 1st DCA 1963). There, in a thoughtful and persuasive opinion, the court squarely held that the preponderance of evidence, rather than the clear and convincing test applied in a chancery action based upon an oral partnership agreement. Williams v. Bailey, supra, and Alexander v. Bess, supra, were correctly cited at 152 So.2d 750 as reflecting only a narrow exception to the general preponderance rule that
"... where an action is brought to enforce an oral contract pertaining to the conveyance or establishment of an interest in land the evidence must be clear, full, and free from suspicion. Williams v. Bailey, 69 Fla. 225, 67 So. 877; Alexander v. Bess, 123 Fla. 713, 167 So. 533."
Our conclusion that the greater weight rule governs a damage suit like the case at bar is supported, if not required, by Rigot v. Bucci, 245 So.2d 51 (Fla. 1971). There the supreme court, referring to the same standard jury instructions which were given in this case, held that "only a preponderance or greater weight of the evidence is required to establish fraud, whether the action is at law or in equity." 245 So.2d at 53. See also Blaeser Development Corp. v. First Federal Savings and Loan Ass'n of Martin County, 375 So.2d 1118 (Fla. 4th DCA 1979). In so holding, the court specifically overruled another exception to the preponderance *1323 rule referred to in Trickey v. Stone, supra, under which clear and convincing evidence was required to establish fraud in a chancery case. In Rigot, the court found no "sound reason for any distinction between law and equity so far as the proof requisite to establish fraud is concerned." 245 So.2d at 52-53. Similarly, we see no basis either in common sense, or, as has been noted, in the authorities, for imposing a higher degree of proof in an action seeking damages for breach of an oral agreement than in one based upon what is, if anything, the more serious and difficult-to-prove allegation of fraud. See also Transammonia Export Corp. v. Conserv, Inc., 554 F.2d 719 (5th Cir.1977) (preponderance test applicable to oral contract governed by Florida U.C.C.); cf. Knowles v. C.I.T. Corp., 346 So.2d 1042, 1043 (Fla. 1st DCA 1977) (dictum) ("It is elementary that in order to recover on a claim for breach of [an oral] contract the burden is upon the claimant to prove by a preponderance of the evidence the existence of a contract, ..."). For these reasons, we hold, expressly receding from the contrary language in Sultan v. Jade Winds Construction Corp., supra, and Shell's City, Inc. v. Westerman, supra, that the trial judge was eminently correct in instructing the jury that the plaintiff was required to prove its case only by "the greater weight of the evidence."
The thrust of the defendants' remaining points on appeal is the claim that the trial court admitted evidence, and permitted the case to be tried, on a theory which was not reflected in the complaint. We need not consider whether this was in fact the case because (a) even assuming a departure from the pleadings, there was no abuse of discretion in admitting the evidence in question, Fla.R.Civ.P. 1.190(b); and (b) by failing below to move for a continuance on the ground that they were surprised by the alleged change in theory, the defendants are precluded from now contending that they were prejudiced by the rulings in question. See 6 Wright and Miller, Federal Practice and Procedure, § 1495 (1971), and cases cited at notes 16-17.
Affirmed.
NOTES
[1] See Blaeser Development Corp. v. First Federal Savings and Loan Ass'n of Martin County, 375 So.2d 1118 (Fla. 4th DCA 1979).
[2] The third case cited in Westerman, Purvis v. Malloy, 129 Fla. 191, 176 So. 71 (1937), involved the closely related issue of the degree of proof required to establish an oral gift or sale of land between parent and child so as to support an ejectment proceeding.