408 So.2d 595 (1981)
Cecil A. ZIMMER and Florida Courier Corporation, Appellants,
v.
PONY EXPRESS COURIER CORPORATION OF FLORIDA, Appellee.
No. 81-904.
District Court of Appeal of Florida, Second District.
December 2, 1981.
Rehearing Denied January 26, 1982.
*596 Edward O. Savitz of Allen, Dell, Frank & Trinkle, Tampa for appellants.
Stanley H. Eleff of Trenam, Simmons, Kemker, Scharf, Barkin, Frye & O'Neill, Tampa, for appellee.
SCHOONOVER, Judge.
The appellants, defendants below, have filed an interlocutory appeal challenging the propriety of entering a temporary injunction restraining them from competing with the appellee, plaintiff below. We hold that the covenant not to compete, which is the subject matter of this action, expired before Mr. Zimmer resigned his position with the appellee on December 31, 1980, and therefore, reverse the lower court.
Cecil A. Zimmer, one of the appellants, was employed by the appellee's predecessor in 1962. During the course of his employment he signed many employment contracts. The one in question was entered into on July 1, 1974. The contract was for a period of two years. It gave the employer an option to extend the term from year to year, by giving written notice to the employer prior to the end of the original term.
Paragraph 5 of the contract contained a covenant not to compete which precluded the employee from engaging in a like or similar business for two years after the termination of his employment. It also prohibited him from soliciting the sale of products or services of a competing business to any concern which was a customer of the appellee during the period of the employee's employment "hereunder." (Emphasis supplied.)
Paragraph 7 provided that the covenants of the employee set forth in paragraphs 4,[1] 5, and 6[2] of the contract were to be construed as separate and independent covenants, and were to survive the termination of the employee's employment "hereunder." (Emphasis supplied.)
Appellant Zimmer resigned his position with the appellee, and, after forming the Florida Courier Corporation (the other appellant), began competing with the appellee.
Appellants contend that the contract was terminated by the terms of the agreement itself and by the mutual agreement of the parties at the end of its original two year term, and the covenant not to compete expired two years thereafter.
The appellee contends that the employment contract continued until Mr. Zimmer resigned, and accordingly, he had agreed not to compete for two years thereafter. The appellee argues further that even if the contract expired, the covenant survived it and was enforceable for two years after the appellant left his employment. Appellee contends this is correct even if the employment was not pursuant to the written contract.
We accept the appellants' contention. An examination of the contract leads to the conclusion that the covenant prohibited competition during, and for two years after, the termination of the employee's employment under the contract, and not for two years after termination of any employment.
The appellee asserts that the contract remained in effect because it provided that the employee must be given thirty days prior notice before the agreement expired, even after the initial two year term. However, *597 the contract provided that said provision did not come into existence unless the employer first exercised its option to renew the contract at the expiration of the first term. The employer has agreed that it did not exercise this option.
At the conclusion of the original two year term, the employee informed the then president of the appellee that he would not sign a new agreement unless certain changes were made and additional protection given to him. The president informed him that the company's policy was such that he really did not want to have an employment contract, and that the only ones still in existence were those that had been executed before he became president. Based upon this evidence, the contract had expired. Where a person enters into the service of another for a definite period of time and then continues in the employment after the expiration of that period without a new contract, a presumption arises that the employment is continued on the terms of the original contract. However, such a presumption may be rebutted, and it was in this case. Sultan v. Jade Winds Construction Corp., 277 So.2d 574 (Fla.3d DCA 1973).
Having determined that the contract entered into by the parties had expired in 1976, the appellee's contention that the covenant contained in the agreement survived and restricted appellant Mr. Zimmer for two years after he left his subsequent employment must also be considered. The appellee asserts that the Fourth District Court of Appeal in the case of Tomasello, Inc. v. de los Santos, 394 So.2d 1069 (Fla. 4th DCA 1981), has decided this question. However, a review of that case indicates that the employee therein agreed to refrain from competing against the employer during his employment. The covenant in this case clearly refers to services for which the appellant was employed under the contract. All three of the paragraphs of the contract which survived by operation of paragraph 7 referred to services "hereunder." If the parties had intended to have the covenant apply to not only the employment under the contract, but to any other employment, they could have easily done so. By choosing to refer to the employee's employment "hereunder," they are bound by that language.
Contracts prohibiting an employee from engaging in a competing business, being in the nature of a contract in restraint of trade and personal liberty, will not be construed to extend beyond their proper import or further than the language of the contract absolutely requires. Storz Broadcasting Co. v. Courtney, 178 So.2d 40 (Fla.3d DCA 1965).
We accordingly hold that appellant Mr. Zimmer was employed by the appellee, Pony Express Courier Corporation of Florida, until December 31, 1980, but said employment was only under the 1974 contract until 1976, and that the covenant not to compete, being limited to prohibiting competition under the contract only, expired two years thereafter.
We accordingly reverse the lower court's temporary injunction and remand for further proceedings consistent with this opinion.
OTT, A.C.J., and CAMPBELL, J., concur.
NOTES
[1] Paragraph 4 restricts the employee's activities during his employment "hereunder."
[2] Paragraph 6 requires confidentiality of information acquired during and/or as a consequence of his employment "hereunder."