518 So.2d 936 (1987)
Nickolas A. THEOCLES, Appellant,
v.
Spiros LYTRAS, Appellee.
No. 87-2134.
District Court of Appeal of Florida, Third District.
December 22, 1987.
Rehearing Denied February 10, 1988.
William A. Cain and May L. Cain, North Miami, for appellant.
Ferdie & Gouz and Ainslee R. Ferdie, Coral Gables, for appellee.
Before BARKDULL, HUBBART and FERGUSON, JJ.
FERGUSON, Judge.
The parties were partners in a now-failed pizza business. This dispute arises from an alleged oral agreement by the appellant to buy out the appellee's interest in the business for $52,000 in cash. The appellant contends that many terms essential to a contract were never agreed upon and that there was never a firm agreement to buy. Other points raised as issues include: (1) the judgment relies on facts outside the record and the pleadings; (2) the statute of frauds precludes enforcement of the alleged agreement; and (3) rank hearsay was admitted to prove the material fact of whether there was an oral agreement.
Appellee alleges that an oral agreement was reached during a conference telephone conversation on February 21, 1985, between the parties' attorneys and the appellant. Considering only the competent evidence presented by the appellee  the testimony of his counsel in the transaction as to the telephone conversation  there is no proof of the essential terms necessary to the formation of a binding agreement, or that the appellant authorized or ratified such an agreement. Central Properties, Inc. v. Robbinson, 450 So.2d 277 (Fla. 1st DCA 1984) ("a meeting of the minds of the parties on all essential elements is a prerequisite to the existence of an enforceable contract"), quashed in part on other grounds, 468 So.2d 986 (Fla. 1985). Significantly, stock in the corporate entity had never been issued because there was still a dispute between the parties as to relative ownership interests. Further, there were no agreements or discussions regarding a *937 closing date, releases, tax and other liabilities, or obligations to the owner of the business premises which were leased in the names of the parties as individuals.
A letter from the appellant's attorney to the appellee's attorney two weeks after the telephone conversation confirms that the communications between the parties and their attorneys never transcended a state of negotiations. A follow-up letter from the appellee's attorney dated March 14, 1985, claims the existence of two different prior oral agreements with purchase prices of $52,000 and $60,000. The same letter makes clear that, if agreeable to the parties, the appellee could become the buyer instead of the seller.
In our view the record is devoid of competent and substantial evidence of a firm agreement or of the terms essential to an enforceable oral agreement. The trial judge himself characterized the evidence as a "Mexican standoff." A party seeking to establish the existence of an oral contract has a burden to present evidence which preponderates by the greater weight. See Batista v. Walter & Bernstein, P.A., 378 So.2d 1321 (Fla. 3d DCA 1980) ("greater weight of evidence" test must be applied to establish existence of oral contract); Smith v. Smith, 375 So.2d 1138 (Fla. 3d DCA 1979) (contract must be definite and certain as to its terms and obligations in order to be binding and enforceable); South Carolina Ins. Co. v. Wolf, 331 So.2d 337 (Fla. 1st DCA 1976) (competent substantial evidence needed to support finding of existence of oral contract). It is therefore unnecessary to reach the remaining issues.
Reversed.