591 So.2d 1124 (1992)
METROPOLITAN DADE COUNTY, a political subdivision of the State of Florida, which owns Jackson Memorial Hospital, and the Public Health Trust of Dade County, Florida, an agency and instrumentality of Dade County, which maintains, governs and operates Jackson Memorial Hospital, Appellants,
v.
The ESTATE OF Merida HERNANDEZ, Dec'd., Leopoldo Hernandez, Jr., in his capacity as Personal Representative of the Estate and Leopoldo Hernandez, Sr., Appellees.
No. 91-1783.
District Court of Appeal of Florida, Third District.
January 7, 1992.
Robert A. Ginsburg, County Atty., and Sara A. Price, Asst. County Atty., for appellants.
Carl Teplicki, Miami, for appellees.
Before HUBBART, COPE and GERSTEN, JJ.
PER CURIAM.
Appellants appeal an order enforcing a settlement agreement with appellees. We reverse and remand.
Appellant, the Public Health Trust of Dade County (Trust), brought suit against appellee, Leopoldo Hernandez, Sr. (Hernandez), to recover for medical services provided Hernandez's deceased wife. After the parties entered into settlement negotiations, the Trust sent a letter offering to settle the claims for $10,500. Shortly thereafter, Hernandez verbally offered to settle for $10,000. A dispute arose concerning whether the $10,000 offer had been accepted. Hernandez claimed that the Trust accepted the $10,000 settlement offer, while the Trust, claimed that it never accepted the offer.
The trial court entered an order finding that the parties factually entered into a settlement agreement. Since the trial court was unable to determine whether the amount of the settlement was $10,500 or $10,000, it ordered that the difference be split and the matter settled for $10,250.
"A party seeking to establish the existence of an oral contract has a burden of to present evidence which preponderates by the greater weight." Theocles v. Lytras, 518 So.2d 936 (Fla. 3d DCA 1987); see also Batista v. Walter & Bernstein, P.A., 378 So.2d 1321 (Fla. 3d DCA 1980); Smith v. Smith, 375 So.2d 1138 (Fla. 3d DCA 1979); South Carolina Insurance Company v. Wolf, 331 So.2d 337 (Fla. 1st DCA 1976). For an agreement to be legally enforceable, the agreement must be firm or definite in its essential terms. Theocles v. Lytras, 518 So.2d at 936; Batista v. Walter & Bernstein, 378 So.2d at 1321.
In this case, there is no competent and substantial evidence that the parties agreed on the essential terms of the contract. Theocles v. Lytras, 518 So.2d at 936. This is reflected in the trial judge's order stating: "The Court is unable to ascertain whether the amount of the settlement was $10,500.00 or 10,000.00... ."
Because there was no meeting of the minds on the amount of the settlement, *1125 which is an essential term of a contract, we find that there was no enforceable oral contract. Accordingly, we reverse and remand for appropriate action.
Reversed and remanded.