In re PORT–A–PIT, INC. a/k/a Port–A–Pit Bar–B–Que, Spotlight Catering and Game Day Events, Debtor.

PORT–A–PIT, INC. a/k/a Port–A–Pit Bar–B–Que, Spotlight Catering and Game Day Events, Plaintiff,

v.

Steven GERHART, Defendant.

Bankruptcy No. 91–4064–8P1.
Adv. No. 91–714.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Feb. 28, 1992.

Carl P. McNulty, Tampa, Fla., for Port–A–Pit, Inc., plaintiff.

Buddy D. Ford, Tampa, Fla., for Steven Gerhart, defendant.

James Quillen, II, Tampa, Fla., for Steven Gerhart, defendant.

## ORDER GRANTING PERMANENT INJUNCTION

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 11 case and the matter under consideration is a Complaint for Permanent Injunction filed by the Debtor against Steven Gerhart (Gerhart) a former employee of the Debtor. The facts relevant to the resolution of this matter as established at the final evidentiary hearing are as follows:

On March 29, 1991, Plaintiff sought protection under Chapter 11 of the Bankruptcy Code and on October 23, 1991 filed a Complaint seeking injunctive relief to enforce the non-compete clause contained in the Employment Contract between the Debtor and Gerhart. In addition, the Debtor filed an Emergency Application for Temporary Restraining Order (sic) on October 24, 1991, seeking to restrain Gerhart from conducting any further activity as prohibited under the non-compete clause of the Employment Contract. This Court granted the Debtor's Application treated as a Motion for Temporary Restraining Order and by its Order entered on October 26, 1991, enjoined Gerhart from working or performing any services for Catering By The Family, a/k/a Cookout America, or any other competitor caterer of the Debtor for a period of ten days, beginning on October 28, 1991 and ending at 12:00 a.m. on November 7, 1991. On November 4, 1991, this Court conducted an emergency hearing upon Debtor's Renewed Emergency Application for Temporary Restraining Order (sic). On November 12, 1991, the Court entered a Preliminary Injunction enjoining Gerhart from 1) soliciting sales accounts from past or present customers of the Debtor who reside or do business in the State of Florida, or from 2) initiating, either directly or indirectly, any communication or contact with any past or present customers of the Debtor who reside or do business in the State of Florida. The Court also set the final evidentiary hearing for November 27, 1991 for the purpose of receiving evidence in support of and in opposition to the ultimate relief sought by the Debtor, i.e., a permanent injunction enjoining Gerhart from working or performing services for a competitor caterer in the State of Florida for the duration of the non-compete agreement, i.e., three years.

The record as established at the final evidentiary hearing reveals that at the time relevant the Debtor operated an on-site catering business in conjunction with major outdoor events, especially sporting events. In May, 1988, Gerhart was employed by the Debtor as a sales representative responsible for soliciting new accounts and servicing already established accounts of the Debtor. On January 26, 1989, Gerhart entered into a Sales Employment Contract with the Debtor which, among other covenants, contained the following non-compete clause:

Employee agrees in the event employee is terminated voluntarily or otherwise to desist from working or performing services for a competitive caterer in the State of Florida for three years.

The Sales Employment Contract between the Debtor and Gerhart expired on January 26, 1990 by its own terms. The record reveals that Gerhart did not sign another employment contract with the Debtor after the expiration of the initial Employment

Contract on January 26, 1990, but nevertheless continued to work for the Debtor and received substantially the same compensation from the Debtor as set forth in the Employment Contract, i.e., draw, commission, etc. In March, 1990, Gerhart received a promotion by the Debtor and was placed on salary rather than draw until his resignation on or about July 2, 1990.

After his resignation, Gerhart obtained employment with Cookout America, a division of Catering By The Family, a competitive caterer of the Debtor in the State of Florida. It is without dispute that Gerhart started to work for Cookout America in April, 1991, or within three years of the termination of his employment with the Debtor. Although the area limitation in the non-compete clause was originally drafted to cover the entire State of Florida, the Debtor voluntarily agreed to modify the area limitation as it relates to Gerhart to encompass only those counties in which Gerhart had worked (i.e. Hillsborough, Pinellas, Hernando, Polk, Orange, Brevard, Broward, Dade, Pasco, Manatee and Sarasota). Based on these undisputed facts, it is the contention of the Debtor that even though the original employment contract terminated by its own terms, since Gerhart stayed and continued to work for the Debtor, the non-compete clause was carried over, albeit not to the execution of a new contract but is still binding, therefore, the Debtor is entitled to the relief it seeks.

It is the contention of Gerhart that a covenant not to compete executed after the commencement of employment must be supported by new consideration. It is the further contention of Gerhart that he did not receive anything under the written agreement which he did not already have under the verbal agreement covering his previous nine months of employment. It is the contention of the Debtor that the unwritten contract of unemployment existing between the Debtor and Gerhart during the initial period of employment was an employment contract, albeit oral, terminable at the will of either party.

■ As a threshold matter, it should be pointed out that employment contracts containing non-competition agreements are valid and enforceable in Florida. *Fla.Stat.* § 542.33(2)(a) (1987); *Sarasota Beverage Co. v. Johnson,* 551 So.2d 503 (Fla. 2d DCA 1989); *Xerographics, Inc. v. Thomas,* 537 So.2d 140 (Fla. 2d DCA 1988). The remedy for breach of a non-competition agreement is an injunction. *Id.*

■ There is a clear distinction under Florida law between employment contracts of definite or indefinite duration. An employment contract of indefinite duration is terminable at the will of either party. 1 Fla.Jur.2d *Agency & Employment* § 126; *Olsen v. Allstate Ins. Co.,* 759 F.Supp. 782 (M.D.Fla.1991).

■ On the other hand, if the contract provides for a definite term of employment, termination in advance of expiration of the term is only allowable for cause and the employee may bring a breach of contract action against the employer for non-adherence to the "for cause" requirement. 1 Fla.Jur.2d *Agency & Employment* § 132; *Olsen, supra.* Thus, prior to the signing of the Employment Contract on January 26, 1989, Gerhart was under a terminable, at-will employment contract and could have been discharged without good cause and without entitlement of any remedy. Once the Employment Contract incorporating a definite term of employment, i.e., one year, was signed by the parties, Gerhart received the right to bring a breach of contract action against Debtor if he was discharged without good cause. Hence, the continuation of Gerhart's employment through the written one-year term under the same terms and conditions as before the written agreement, along with his right to hold the Debtor accountable for a discharge without good cause, did constitute adequate consideration for the non-compete clause signed by Defendant. See *Tasty Box Lunch Co. v. Kennedy,* 121 So.2d 52 (Fla. 3d DCA 1960). In this case the employee was asked to sign an employment contract with a non-compete clause three months after the commencement of his employment with the employer. The Third District Court of Appeals held that "[i]nasmuch as the employment was a continuing contract termin-

able at the will of the employer or the employee, the continued employment and agreement to pay commissions was adequate consideration for the employee's agreement not to compete." *Id.* at 54.

Gerhart, in addition, also contends that the Employment Contract containing the covenant not to compete is unenforceable in any event because it expired by its own terms on January 26, 1990, prior to the date he left employment with the Debtor. In support of this contention, Gerhart cites *Storz Broadcasting Co. v. Courtney*, 178 So.2d 40 (Fla. 3d DCA 1965) wherein the court held that a covenant not to compete related to termination of employment during the term and was not applicable after the employment contract was fully performed. *Storz* is distinguishable as to one pertinent fact, that is, that the employee in that case left the employ of Storz at the end of the expressed term of employment. In the case under consideration, Gerhart remained employed with the Debtor for a period of almost seven months after the expiration of the written one-year term.

Under Florida law, where one enters into the service of another for a definite period of time and then continued in the employment after the expiration of that period without a new contract, a presumption arises that the employment is continued on the terms of the original contract. *Zimmer v. Pony Express Courier Corp. of Fla.*, 408 So.2d 595 (Fla. 2d DCA 1981); *Sultan v. Jade Winds Construction Corp.*, 277 So.2d 574 (Fla. 3d DCA 1973). Such a presumption may be rebutted by evidence showing a change of the terms of the contract or by proof of facts and circumstances showing that the parties understood that the terms of the old covenant were not to apply to the continued service. *Id.* There is evidence in this record to support the finding that the same terms of the Employment Contract continued in force after the January 26, 1990 expiration date until approximately March of 1990 when Gerhart, in fact, received a promotion and was placed on salary rather than draw against earned commissions. Clearly, there is no evidence showing a change of any of the other terms of the contract, nor any proof of facts and circumstances showing that the terms of the old covenant not to compete was no longer binding during the continued service after the expiration of the original terms of employment. On the contrary, there is evidence that Gerhart understood the non-compete clause remained in effect and was still binding.

Gerhart points out that evidence at the final evidentiary hearing established that Gerhart could not enforce the terms of the contract in his new position as sales supervisor inasmuch as his original contract was for a sales person and this position has been terminated. The proposition urged by Gerhart is off the mark and totally lacks any persuasive force. It is the conclusion of this Court that the terms of the written contract that were not expressly changed by subsequent actions of the parties remained in effect and did not terminate. Gerhart seems to be confusing the concept of mutuality of obligations with mutuality of remedies. Obligation, under a contract, pertains to the consideration while remedy pertains to the means of enforcement. *Bacon v. Karr*, 139 So.2d 166 (Fla. 2d DCA 1962). While mutual obligation of the contracting parties is essential for consideration, the means of enforcement of the obligation may differ without necessarily affecting the reciprocal obligations of the parties. *Id.* Mutual obligation, supporting consideration, has already been established by this record. The fact that Gerhart's means of enforcement of the covenants under the contract may differ does not necessarily affect the reciprocal obligations of the parties.

Based on this record this Court is satisfied first, that the Debtor fully performed its obligation under the contract, i.e., to continue to employ Gerhart for the stated one-year term and to compensate him for his services. Second, Gerhart still has a continuing obligation based on his promise not to compete, to desist from working or performing services for a competitive caterer for three years. This obligation was executory until such time as his employment with the Debtor was terminated.

**628**

Accordingly, it is

ORDERED, ADJUDGED AND DE-CREED that Steven Gerhart is enjoined from working or performing services for a competitive caterer in Hillsborough, Pinellas, Hernando, Polk, Orange, Brevard, Broward, Dade, Pasco, Manatee and Sarasota Counties. It is further

ORDERED, ADJUDGED AND DE-CREED that the terms of this injunction shall be effective up to and including July 2, 1993.

DONE AND ORDERED.