SHEPHERD, J.
Yenny Cardona and Jasmine Cardenas appeal a final summary judgment granting specific performance. Because we find that the movant, Lynstar Corporation, did not meet its burden of proving the absence of genuine issues of material fact, we reverse the judgment entered below.
The record reflects that on July 9, 2003, Lynstar Corporation (Buyer) made a written offer to Jasmine Cardenas (Seller) to purchase Cardenas’s home in Doral Isles. The offer proposed a September 15, 2003 closing. Yenny Cardona, as Seller’s attorney-in-fact for the transaction, responded by agreeing to all terms, except that she crossed out the proposed September 15 closing date in the offer, and penned in August 15, 2003. Although Buyer apparently received the counter-proposal from Seller, it never initialed or otherwise expressly assented to the change. Buyer nevertheless urges that a contract was formed with an August 15, 2003 closing date, and that Seller breached by failing to present Buyer with the necessary documentation to close. Seller claims either that no contract was formed,[1] or, if one was formed, Gustavo Riccobon, a purported representative of Buyer,[2] called *27 Cardona on August 15, spoke to Cardona s husband, and stated that Buyer was unable to close. According to the proofs, Cardona’s husband informed Riccobon that the contract was terminated. The next communication between the parties was service by Buyer on Seller of a specific performance complaint on August 23, 2003.
We review an order granting summary judgment de novo. Volusia County v. Aberdeen at Ormond Beach, 760 So.2d 126, 130 (Fla.2000). “Summary judgment is proper if there is no genuine issue of material fact and if the moving party is entitled to a judgment as a matter of law.” Id. “The movant must be able to overcome all reasonable inferences of fact which may be drawn against him in favor of the opposing party.” Goodman v. Anthony, 269 So.2d 756, 757 (Fla. 3d DCA 1972).
Agreement on a closing date is a material term in the formation of a real estate contract. See Theocles v. Lytras, 518 So.2d 936 (Fla. 3d DCA 1987). On the record presented, Buyer has not demonstrated the absence of a genuine issue of material fact on agreement on a closing date and, therefore, the existence of a contract. Assuming that a contract exists, there is also a genuine issue of material fact of who breached. For these reasons, we must reverse the judgment of specific performance entered in favor of the Buyer and remand for further proceedings.
Reversed and remanded.

. Buyer urges that Seller waived its right to deny the existence of the contract by alleging in its counterclaim that its counter-proposal of August 15, 2003 was “presented” and "accepted” by Buyer. Because we consider the counterclaim to be an alternative pleading by Seller, see Fla. R. Civ. P. 1.140(b)(“No defense or objection is waived by being joined with other defenses or objections in a responsive pleading or motion.”), we find no merit to this claim.

. Sellers allege that Riccobon acted as "director and owner” of Buyer. The precise *27 relationship between Riccobon and Buyer is less than clear.