# Third District Court of Appeal

## State of Florida

Opinion filed April 29, 2015.
Not final until disposition of timely filed motion for rehearing.

————————————

No. 3D13-2881
Lower Tribunal No. 11-15620

————————————

**Ruvim London,**
Appellant/Cross-Appellee,

vs.

**Vladimir Dubrovin, et. al.,**
Appellees/Cross-Appellants.



An Appeal from the Circuit Court for Miami-Dade County, Daryl E. Trawick, Judge.

Paul A. McKenna, for appellant/cross-appellee.

Anna Lenchus (Boca Raton); and Keith D. Silverstein (Bay Harbor Islands); Eisinger Brown Lewis Frankel & Chaiet, P.A., and Jed L. Frankel (Hollywood), for appellees/cross-appellants.

Before WELLS, SUAREZ and FERNANDEZ, JJ.

FERNANDEZ, J.

Appellant Ruvim London appeals the trial court's order that granted a new trial for cumulative unfair surprise and improper closing argument. We reverse

because there was no cumulative surprise that resulted in prejudice to appellees Vladimir Dubrovin, et al., ("Dubrovin") and any prejudice could have been cured before trial.

London filed his second amended complaint on April 5, 2012, asserting fourteen causes of action against Dubrovin. On August 29, 2012, the trial court set trial for April 30, 2013, and issued a uniform order setting the case for jury trial. On April 30, 2013, the first day of trial, trial court held a hearing on Dubrovin's motion in limine at which the court considered the following issues and ruled as indicated.

First, London served his exhibit list on April 21, 2013, six business days before the start of the trial in violation of the pretrial order. The trial court declined to exclude the exhibits and offered Dubrovin a continuance. Dubrovin declined.

Second, London took a videotaped deposition of a witness the day before trial, again in violation of the pretrial order. Additionally, London failed to request leave from the trial court for the untimely deposition as required under the pretrial order. Dubrovin participated in this deposition, performing a two hour cross examination of the witness. Dubrovin did not claim prejudice or surprise from the deposition during the hearing, nor did Dubrovin request a continuance based on unfair surprise for the untimely deposition.

Third, London filed, on the day before trial, a "Motion to Correct Scrivener's Error to Re-Designate Second Amended Complaint as Amended Complaint, Correct Typographical Errors in Amended Complaint, and to Redact Amended Complaint with Dismissed Parties and Counts" along with a proposed amended complaint. This motion essentially corrected the name of a prior amended complaint, and removed several parties and charges from the complaint. Dubrovin claims this prejudiced them because it forced them to recalibrate their defense strategy. The trial court offered a continuance, and again Dubrovin declined.

On October 22, 2013, the trial court entered an amended order in which it granted a new trial based on cumulative unfair surprise. In its order, the trial court identified an additional instance of unfair cumulative surprise. London had filed its jury instructions the night before the charge conference. Dubrovin made no claim of prejudice or surprise, nor did they request a continuance. London also waited until the morning of the charge conference to provide Dubrovin's counsel with the case supporting his position. Durbrovin did not raise a claim of prejudice or surprise based on the untimely disclosure of London's supporting case, nor did they request a continuance to conduct additional research.

Additionally, the trial court found two prejudicial "send a message" arguments during London's closing arguments. The trial court ultimately held

3

that the cumulative effect of the incidents, including the "send a message" arguments, denied a fair trial.

We disagree that a new trial is warranted. The standard of review of an order that grants or denies a new trial based upon unfair surprise where a continuance has been offered and waived is abuse of discretion. Carib Ocean Shipping, Inc. v. Armas, 854 So. 2d 234, 236-37 n. 2 (Fla. 3d DCA 2003). The appropriate cure for a violation that results in surprise during the trial is a continuance, and a failure to request one precludes a later claim of prejudice. See e.g., Binger v. King Pest Control, 401 So. 2d 1310, 1314 (Fla. 1981)(holding that a court may consider a party's ability to cure the prejudice when weighing a violation's prejudicial effect); Batista v. Walter & Bernstein, 378 So. 2d 1321, 1323 (Fla. 3d DCA 1980)(failing to move for a continuance due to surprise from change in opponent's theory precludes claiming prejudice on appeal); Rodriguez v. State, 919 So. 2d 1252, 1280 (Fla. 2005)(failing to move for a continuance from surprise in an evidentiary hearing precludes claiming prejudice on appeal). We note here that during the hearing on Dubrovin's motion in limine, the trial court offered a continuance which was declined.

Additionally, where individual claims of error fail, a related cumulative error claim must likewise fail. See Merck v. State, 124 So. 3d 785, 802 (Fla.

4

2013); see also State v. Duncan, 894 So. 2d 817, 831 (Fla. 2004); Grifffin v. State, 866 So. 2d 1, 22 (Fla. 2003).

In conclusion, Dubrovin either declined a court offered continuance, or failed to request one, after each of the incidents which the trial court identified constituted unfair surprise. Thus, like Rodriguez and Batista, Dubrovin did not avail themselves of the appropriate remedy for the violations during trial and are thus precluded from claiming prejudice. Rodriguez, 919 So. 2d at 1280; Batista, 378 So. 2d at 1323. Additionally, as the Florida Supreme Court explained in Griffin, since the claims fail individually, they cannot support a cumulative error theory. Grifffin, 866 So. 2d at 22.

We therefore reverse the order for a new trial because there was no cumulative unfair surprise that resulted in prejudice to Dubrovin and any prejudice could have been cured before trial. We decline to address the remaining issues raised in this appeal concluding that they are without merit.

Reversed and remanded.