209 So.2d 277 (1968)
Samuel L. BRENNER, Appellant,
v.
BARCO CHEMICALS DIVISION, INC., a Florida Corporation, Appellee.
No. 67-622.
District Court of Appeal of Florida. Third District.
April 16, 1968.
*278 Joseph A. McGowan, Miami, for appellant.
Melvin J. Richard, Miami Beach, for appellee.
Before HENDRY and SWANN, JJ., and NATHAN, RAYMOND G., Associate Judge.
PER CURIAM.
This is an appeal by the defendant, Brenner, from a final decree which restrained him from engaging or entering into a business similar to that of Barco Chemicals for a period of one year in Dade or Broward County.
Appellant, Brenner, former sales manager of the company, argues that the contract between the parties had expired by its terms on August 6, 1965 and its restrictions from competing are not binding on him. The express terms of the agreement, however, provided in part:
* * * * * *
"In case the services of SALES MANAGER [Brenner] are retained by COMPANY after the expiration of this contract without formal contract, it is hereby mutually agreed that the terms of this contract shall continue to govern the relations between COMPANY and SALES MANAGER. (R 69) * * *" [Brackets ours]
* * * * * *
The language of the agreement also provided for non competition by Brenner "during the term of his employment by company and for a period of one year immediately following the expiration or termination of such employment by mutual agreement."
This provision differs from, and is distinguishable, from Storz Broadcasting Co. v. Courtney,[1] where the court held "that the convenant relating to restriction against competing was applicable only to termination of employment during the term."
The defendant herein wrote to the plaintiff on February 10, 1967 and tendered his resignation as an employee of the plaintiff. He left the date of actual termination to the discretion of the company but stated he would appreciate it if it were no later than March 25, 1967 (43 days later). It was accepted by the company, immediately.
Brenner claims that he is an officer, to-wit a Vice President, not an employee, of the company and that the contract as applied to him is void as against public policy. There is sufficient competent evidence in the record to sustain a finding that he was an employee of plaintiff and the contract is not void as against the public policy of Florida. See Fla. Stat. § 542.12, F.S.A.
We have considered the other arguments advanced by the appellant and the appellee in its cross assignments of error and find them to be without merit.
Affirmed.
NOTES
[1] Fla.App. 1965, 178 So.2d 40.