250 So.2d 281 (1971)
Nadine WEICH, by Her Father, and Next Friend, Sol Welch, and Sol Weich, Individually, Appellants,
v.
Charles W. COOK et al., Appellees.
No. O-222.
District Court of Appeal of Florida, First District.
July 8, 1971.
Ralph P. Ezzo, Miami, for appellants.
Ayres, Swigert, Cluster & Tucker, Ocala, for appellees.
JOHNSON, Chief Judge.
Appellants, plaintiffs below, appeal from an order granting defendants Mildred E. Cook, Dale Cook, and Allstate Insurance Company's motion to dismiss appellants' third amended complaint without leave to amend and with prejudice. The order appealed from does not set out any grounds for which dismissal was granted, and the motion to which said order was in response is not included in the record before this Court.
In essence, the third amended complaint alleged the following: that on or about July 27, 1969, at approximately 3:40 a.m., the minor plaintiff was a passenger in an automobile owned by Charles W. Cook and being operated by Roger Brent Cook; that said automobile was at said time being operated at speeds far in excess of 65 miles per hour on a dimly lighted road in a certain rural area while attempting to negotiate a dangerous curve in the road in complete disobedience to the reduce speed sign located at the beginning of the curve; that said Roger Cook was operating said vehicle while under the influence of alcohol and while engaged in a race with another vehicle owned by defendant Mildred E. Cook, insured by defendant Allstate Insurance Company, and operated by defendant Dale Cook, wherein the two vehicles were *282 traveling at rates of speed in excess of 65 miles per hour, while bumper to bumper; that Roger Cook, while operating the vehicle as aforesaid, lost control of the vehicle, causing his failure to negotiate the curve, left the road and struck a tree, thus causing the minor plaintiff serious and permanent injuries, to wit: severance of her spinal cord, rendering her a paraplegic, paralyzed from the waist down, for the remainder of her natural life.
The complaint further alleged that said Dale Cook was operating an automobile at the same place and in the same manner as defendant Roger Cook, while under the influence of alcohol and while engaged in a race "with another vehicle wherein the two vehicles were being operated at rates of speed in excess of 65 miles per hour while bumper to bumper". It is alleged that the acts complained of amounted to grossly negligent conduct and were the direct cause of the minor plaintiff's serious and permanent injuries.
As noted above, we do not have the benefit of the appellees' motion to dismiss the complaint. However, in their brief submitted to this Court, appellees seek to justify the dismissal with prejudice on the grounds that (1) appellee Allstate was not a proper party in that the complaint fails to allege that the policy was written for the protection of third parties or that, at the time of the accident, the policy inured to the benefit of plaintiffs below; and that (2) the complaint is predicated on conclusions of the pleader with respect to the alleged "race", and it is not clear that Dale Cook was "racing" Roger Cook, thus failing to show the collusion to sustain joint liability.
We are of the opinion that the third amended complaint has enough merit to warrant the court in allowing the appellants another opportunity to properly prepare their complaint. As stated in Richards v. West, 110 So.2d 698, 701 (Fla. App. 1st, 1959):
"The advent of modern rules of procedure has brought with it the policy of allowing litigants to amend pleadings freely in order that causes may be tried on their merits. Granting leave to amend rests of course, in the sound discretion of the trial court; but doubts should be resolved in favor of allowing amendment unless and until it appears that the privilege to amend will be abused."
We are unable to find, from the allegations in the complaint, that there exists no possibility of amending the complaint so as to state a cause of action. It is a well-settled rule of law that if a pleading informs the defendant of the nature of the cause of action against him, this shall be sufficient. Smith v. State, 204 So.2d 31 (Fla.App.3rd, 1967). Since the defects in the pleading complained of are minor, we feel that the third amended complaint is at least susceptible of being made more definite and certain.
This opinion does not, of course, consider the merits of the controversy between the parties, but simply holds that procedural error was committed by the trial court in dismissing the complaint with prejudice.
The case is therefore reversed and remanded with instructions to allow plaintiffs leave to amend their complaint.
SPECTOR, J., concurs.
WIGGINTON, J., specially concurs.
WIGGINTON, Judge (specially concurring).
I agree with the majority opinion that the trial court abused its discretion in dismissing appellants' third amended complaint with prejudice. I am of the further view, however, that although the amended complaint is not a model of clarity and is somewhat inartfully drafted, it nevertheless alleges sufficient facts when considered in totality to sufficiently state a cause of action against all defendants which requires *283 an answer by them. I would therefore reverse the judgment of dismissal and direct appellees to answer the complaint if they are so advised.