287 So.2d 735 (1974)
Frederick S. ROTHMAN, Appellant,
v.
GOLD MASTER CORPORATION, Appellee.
No. 73-630.
District Court of Appeal of Florida, Third District.
January 8, 1974.
*736 Berkell, Strauss & Benjamin, North Miami Beach, for appellant.
Leslie A. Todd, Miami, for appellee.
Before CARROLL, HENDRY and HAVERFIELD, JJ.
PER CURIAM.
Plaintiff-appellant appeals from an order granting defendant's motion to dismiss appellant's third amended complaint with prejudice. The motion to dismiss was based on the grounds that (1) the action was barred by the statute of frauds [Fla. Stat. § 725.01, F.S.A.], and (2) the complaint fails to state a cause of action because the terms of the alleged contract as set forth in the complaint are incomplete, indefinite and uncertain.
In essence, the third amended complaint alleged the following: that the plaintiff, Frederick Rothman, entered into an oral contract of employment with the defendant, Gold Master Corporation, in New York; that the term of employment commenced on July 1, 1965 and terminated on June 30, 1966; that the oral contract was renewable each year by virtue of the mutual acts and performances of the parties; that the parties annually renewed the contract; that on July 1, 1971 the contract was renewed with the understanding that plaintiff would relocate himself and his family in Florida and loan money to the defendant corporation; that plaintiff complied with these conditions; and that in November 1971, 31 weeks before the end of the term of the contract, defendant without cause dismissed plaintiff; that at the time of dismissal plaintiff's salary was $15,600, payable $300 per week. The complaint demanded judgment in the sum of $9,300.
We are of the opinion that the complaint has merit to warrant the reversal of the dismissal by the trial judge for the following reasons:
First, it is basic that for the purpose of passing on a motion to dismiss, all material allegations are taken as true as well as all reasonable inferences therefrom. See 25 Fla.Jur. Pleadings § 127 (1959) and cases cited therein.
Second, where as in the case sub judice an agreement expires by its terms and without more the parties continue to perform as before, an implication arises that they have mutually assented to a new contract containing the same provisions as the old; and ordinarily the existence of such a contract is determined by the objective test, that is, whether a reasonable man would think the parties intended to make such a new binding agreement. See 17 Am.Jur.2d Contracts § 520 (1964). We note that this principle is particularly applicable to the master/servant relationship.
*737 Third, it is well settled law that if a pleading informs the defendant of the nature of the cause against him, this shall be sufficient. Weich v. Cook, Fla.App. 1971, 250 So.2d 281. We find that the instant complaint adequately informs the defendant of the nature of the charge against him. Thus, it is sufficient.
Lastly, the oral renewal for one year of a one year oral contract of employment, performance of which was to and did commence on the day renewal was entered into, as in the case at bar, is not within the statute of frauds. Grossman v. Levy's, Fla. 1955, 81 So.2d 752.
For the reasons cited hereinabove, the order dismissing the third amended complaint is reversed and the cause remanded for further proceedings not inconsistent herewith.
Reversed and remanded.