560 So.2d 419 (1990)
J.F. HOFF ELECTRIC CO., INC., Appellant,
v.
Daniel F. GOLDSTEIN and Meredith Goldstein, His Wife, Appellees.
No. 89-0632.
District Court of Appeal of Florida, Fourth District.
May 9, 1990.
*420 James S. Telepman of Murphy, Reid, Pilotte & Ross, P.A., Palm Beach, for appellant.
Michael J. Burley of the Law Offices of John L. Avery, Jr., Jupiter, for appellees.
DOWNEY, Judge.
Appellant, J.F. Hoff Electric Company, Inc., (Hoff), appeals from a final judgment in favor of appellees, Daniel F. Goldstein and Meredith Goldstein, his wife (Goldstein), which held that Hoff could not recover from Goldstein for work done on the Goldstein residence.
It appears from the record that Hoff is an electrical contractor who entered into a contract with the general contractor, ADCO Construction Company, to perform electrical work on the Goldstein residence. During Hoff's performance of the work, ADCO abandoned the job and failed to pay Hoff for the work performed. Hoff thereupon ceased any further work and eventually commenced this suit seeking recovery for breach of contract or, alternatively, quantum meruit, for the electrical work performed on the Goldsteins' residence. Hoff contended below that the Goldsteins contacted him and requested that he complete the work called for under the terms of the contract as well as additional work, and assured Hoff that they would be responsible for all of the outstanding payments due Hoff for work done on their residence. The Goldsteins, however, denied that they promised to pay Hoff the balance due from ADCO.
Prior to trial, the parties entered into a stipulation which, among other things, provided:
a) That Plaintiff was hired by Adco Construction Company to perform electrical work at Defendant's residence. b) That Adco failed to make all required payments to Plaintiff. c) That Plaintiff fully and satisfactorily completed all work called for under the contract. d) That Defendants knew that Plaintiff performed all the electrical work on the job while it was being performed and after it was fully performed, never objected to that performance and accepted the benefits of that performance.
At trial, Hoff testified that he returned to the job at the request of Mrs. Goldstein who promised that if he would return and finish the work and do some extras, the Goldsteins would pay for that work and the amount due Hoff from ADCO. Absent said agreement Hoff testified he would not have returned to the job. The Goldsteins' testimony was very brief; however, Mrs. Goldstein denied promising to pay the amount owed by ADCO.
In his final judgment the trial judge found that, regardless of her denial, "Meredith Goldstein did request the Plaintiff, J.F. Hoff Electric Company, Inc., to come back on the job with the promise that Defendants would pay the Plaintiff's bill." The court further found that the unpaid amount was $5,288. Nevertheless, the court held the agreement was oral and thus barred by section 725.01, Florida Statutes (1987), as a collateral agreement to pay the debt of another.
*421 Hoff contends on appeal that the trial court erred in concluding that the claim was barred by the Statute of Frauds and in denying Hoff's alternative claim based upon quantum meruit. We agree the Statute of Frauds is not a bar to Hoff's claim under the circumstances of this case.
Initially, we suggest that the Statute of Frauds should not be considered in preclusion here because it was never pled by Goldstein and was raised for the first time on motion for directed verdict at the end of the plaintiffs' case. There was no trial of that issue by agreement and thus resort to waiver does not seem to be appropriate. But more importantly, the Statute of Frauds is not applicable because we are not dealing with an executory contract. The contract sued upon between Hoff and Goldstein has been fully executed. Furthermore, Goldstein agreed to pay the amount owed Hoff by ADCO Construction Company as well as for the additional work to be done. This is not a case of a collateral agreement to pay the debt of another; it is a direct and original promise to pay in consideration for Hoff returning to complete the job. The consideration therefor is an independent consideration which redounds to the benefit of Goldstein and thus takes the matter out of the purview of the statute.
In the somewhat ancient case of Craft v. Kendrick, 39 Fla. 90, 21 So. 803 (1897), in a factual situation very similar to the present case, the court answered the question at hand by an example, as follows contained in the syllabus by the court:
If A. employs B. to build a house, and B. employs C. to do a certain portion of the work, and C., after performing a part of the work, discontinues labor, and refuses to do more unless A. will agree to pay him the debt due him by B., and A. thereupon promises C. to pay the debt due him by B., whereupon C. enters upon and completes his work upon the house, such agreement, though oral, is valid, upon sufficient consideration, and not within the statute of frauds.
Id.
Since we find the trial court erred in applying the Statute of Frauds defense, we need not treat the quantum meruit claim. Accordingly, the judgment appealed from is reversed and the cause is remanded for entry of judgment for appellant.
DOWNEY, ANSTEAD and WALDEN, JJ., concur.