BASKIN, Judge.
Carol Korn Interiors, Inc., [CKI] appeals judgments on the pleadings and final summary judgments in favor of defendants John Goudie and Humberto Davila. We reverse.
Carol Korn Interiors, Inc., filed an action against Goudie and Davila to recover fees earned for providing interior design services. The complaint set forth claims based on breach of an oral contract and account *924 stated. Defendants answered, raising several affirmative defenses. Subsequently, Davila filed motions for judgment on the pleadings and/or for summary judgment. Goudie adopted Davila’s motions. Both Davila and CKI submitted affidavits. The trial court granted identical summary judgments and judgments on the pleadings in favor of the defendants.
The trial court erred in entering a judgment on the pleadings against CKI. CKI stated causes of action for breach of an oral contract and for account stated. “A judgment on the pleadings may be granted only if the moving party is clearly entitled to judgment as a matter of law.” King v. Eastern Airlines, Inc., 536 So.2d 1023, 1033 (Fla. 3d DCA 1987), reversed on other grounds, 557 So.2d 574 (Fla.1990). The trial court must determine whether the complaint states a cause of action. Alanco v. Bystrom, 544 So.2d 217, 218 (Fla. 3d DCA), review denied, 553 So.2d 1164 (Fla.1989); Shay v. First Federal of Miami, Inc.,429 So.2d 64 (Fla. 3d DCA 1983).
As to the contract claim, CKI alleged that it entered into an oral agreement with Davila and Goudie for interior design services, that CKI provided the agreed services, that Davila and Goudie breached the contract by refusing to remit payment, and that CKI suffered damages. These allegations sufficiently set forth a cause of action for breach of an oral contract. Perry v. Cosgrove, 464 So.2d 664 (Fla. 2d DCA 1985); Wackenhut Corp. v. Conner, 420 So.2d 383 (Fla. 3d DCA 1982); Industrial Medicine Pub. Co. v. Colonial Press of Miami, Inc., 181 So.2d 19 (Fla. 3d DCA 1965). As to the account stated claim, the complaint sufficiently alleged “an agreement between the parties that -a certain balance is correct and due and an express or implicit promise to pay this balance.” Merrill-Stevens Dry Dock Co. v. “Corniche Express”, 400 So.2d 1286 (Fla. 3d DCA 1981); Dudas v. Dade County, 385 So.2d 1144 (Fla. 3d DCA 1980). Accordingly, the judgments on the pleadings were improper. See Riccio v. Stein, 559 So.2d 1207 (Fla. 3d DCA), review dismissed, 567 So.2d 436 (Fla.1990).
Furthermore, the trial court erred in granting summary judgment. As to the account stated claim, the final judgments state that it is uncontested that CKI never submitted a bill, statement or invoice to defendants. However, the complaint alleged that the statement was rendered to defendants and a statement for services is attached to the complaint. In their answers, defendants denied that allegation and Davila stated, by affidavit, that defendants did not personally receive a statement. In her affidavit, the president of CKI stated that Goudie and Davila assured her that all bills would be paid; that statement necessarily implies that statements were sent to defendants. Thus, that issue is not uncontested. See Georges v. Friedman & Co., P.A., 499 So.2d 59 (Fla. 4th DCA 1986).
In the final judgments, the court, referring to the breach of oral contract claim, stated that it is undisputed that there is no written guarantee of the obligation. The court concluded that the statute of frauds bars CKI’s claim as a matter of law, citing § 725.01, Florida Statutes (1987), and Ball v. Yates, 158 Fla. 521, 29 So.2d 729 (1946), cert. denied, 332 U.S. 774, 68 S.Ct. 66, 92 L.Ed. 359 (1947). Although section 725.01, Florida Statutes, provides, inter alia, that a promise to pay another’s debt must be in writing, it does not govern here. CKI alleged that Davila and Goudie agreed to be personally responsible for payment; it did not assert in the complaint that Davila and Goudie promised to pay the debt of another person. Thus, the statute of frauds does not mandate summary judgment.[1]
*925 Because OKI’s complaint states causes of action for account stated and breach of an oral contract, and genuine issues of material fact remain unresolved concerning both claims, we reverse the judgments.
Reversed and remanded.

. The confusion as to the "guaranty" appears to stem from language in CKI’s avoidance of affirmative defenses in which it states that defendants "personally guaranteed" payment, in its affidavit, in which the president of CKI stated that if problems arose defendants would "assume personal liability for payment,” and in counsel's argument at the hearing. However, such language is not dispositive. The complaint does not set forth allegations of a guaranty, and OKI's affidavit also asserts that defendants *925 "agreed to be personally responsible for payment."