603 So.2d 566 (1992)
Kenneth S. SHAFFER, Appellant/Cross Appellee,
v.
Robert L. RICCI, Appellee/Cross Appellant.
No. 91-2216.
District Court of Appeal of Florida, Fourth District.
July 15, 1992.
Rehearing Denied September 22, 1992.
*567 H. Collins Forman, Jr., of Watson, Loving & Forman, P.A., Fort Lauderdale, for appellant/cross appellee.
Charles L. Curtis, of Doumar, Cazel, Curtis, Cross & Laystrom, Fort Lauderdale, for appellee/cross appellant.
PER CURIAM.
This appeal has emerged from a trial over an alleged agreement between Shaffer and Ricci in connection with the sale of Shaffer's accounting practice. In 1973, Ricci began work as an accountant for Shaffer. Some ten years later, Ricci and Shaffer agreed orally to take the same base salary and to split the net profits, 60% to Shaffer and 40% to Ricci. In December 1986, Shaffer entered into an agreement to sell the practice to Millward and Company. The Agreement for Sale between Shaffer and Millward provided that the purchase was contingent upon Ricci accepting employment with the new firm. Ricci was not a party to the written, sale contract; and he took no part in the negotiations between Millward and Shaffer.
Ricci contended that Shaffer agreed to pay Ricci $48,000 over the next four years, which was in pari passu with the payout period fixed between Shaffer and Millward for sale of the business. Ricci alleged that the payment was offered, among other reasons, to induce Ricci to enter into an employment agreement with Millward. In the two years following the sale, Shaffer made two payments to Ricci, totalling $4,000. This, Shaffer testified, had nothing to do with the sale to Millward, but was merely a bonus paid to Ricci to express his appreciation for Ricci's good work over the years.
After a bench trial, the trial court found that Ricci and Shaffer had an oral agreement. Although the court found no consideration, it reasoned that the material benefit rule operated to render the agreement enforceable against Shaffer. The court also found that the statute of frauds barred enforcement of the oral agreement beyond the first year of the four year period for payment. Last, the court found that the $4,000 paid to Ricci was a bonus, separate and apart from Shaffer's promise to pay $48,000 to Ricci over four years.
We agree with the trial court's finding of an enforceable agreement, but conclude *568 that the court erred in determining that there was no independent consideration for the agreement. First, we note that the court employed the material benefit rule as a substitute for consideration, even though the record contained substantial, uncontradicted evidence of valid consideration for this agreement. Shaffer had decided to retire from the accounting business and sought to sell his practice. Ricci's agreement to work for Millward was a specific condition of the sale agreement between Shaffer and Millward. The deal with Millward further contemplated that Shaffer would receive, after the sale, a percentage of the business generated from Shaffer's original clients.
Having Ricci continue to serve these clients, now as a Millward employee, helped insure that these clients would remain with Millward, an important element in the sale for Millward. Thus, Ricci's agreement not only facilitated the sale, but also insured a maximum payout to Shaffer. Ricci, meanwhile, was under no pre-existing obligation to stay with Millward. Indeed, he was free to leave and set up an accounting business for himself, which could have competed directly with Millward for Shaffer's former clients. Hence, we cannot agree that the oral agreement between Shaffer and Ricci lacked consideration of its own.
The trial court also erred in applying the statute of frauds. The agreement between Millward and Shaffer provided as a condition that Ricci agree to sign an employment contract to work for Millward. Ricci signed the employment contract with Millward when Millward and Shaffer signed their agreement. In signing the employment contract, Ricci fully performed his part of the oral agreement with Shaffer. When one party to an oral contract fully performs, the statute of frauds defense is no longer available. J.F. Hoff Elec. Co., Inc. v. Goldstein, 560 So.2d 419 (Fla. 4th DCA 1990); Venditti-Siravo, Inc. v. City of Hollywood, 418 So.2d 1251, 1253 (Fla. 4th DCA 1982). Thus, we find the agreement enforceable against Shaffer in its entirety.
Finally, we return to the matter of Shaffer's $4,000 payment to Ricci. At oral argument, Ricci conceded that this amount was paid not as a separate bonus but rather as against the total debt of $48,000. We accept this concession and remand with instructions to enforce the entire $48,000 agreement, reduced by a credit for the $4,000 already paid, plus pre-judgment interest recalculated from the date performance should have commenced to reflect the new award.
REVERSED AND REMANDED WITH DIRECTIONS.
POLEN and FARMER, JJ., and JAMES E. ALDERMAN, Senior Justice, concur.