650 So.2d 1057 (1995)
Jose SANZ, Appellant,
v.
R.T. AEROSPACE CORPORATION, a Florida corporation, Appellee.
No. 94-2670.
District Court of Appeal of Florida, Third District.
February 15, 1995.
*1058 Tew Garcia-Pedrosa & Beasley and Matias R. Dorta, Miami, for appellant.
Jorge L. De La Osa and Mariano R. Gonzalez, Miami, for appellee.
Before SCHWARTZ, C.J., and NESBITT and GREEN, JJ.
GREEN, Judge.
This is an appeal from a nonfinal order granting a preliminary injunction prohibiting appellant Jose Sanz ("Sanz") from soliciting or otherwise conducting business with certain companies pursuant to an employment agreement with his former employer, appellee R.T. Aerospace Corporation ("R.T.A."). We reverse the order under review for the reasons which follow.
The facts essential to the disposition of this appeal are that Sanz was formerly employed by R.T.A. as an aeronautical engineer. As a condition of his employment, Sanz executed a three year employment agreement with R.T.A. effective January 1, 1989, the terms of which contained the following noncompete clauses:
5. Restrictive Covenants. Employee independently covenants and agrees, which covenants shall be independent of all other covenants herein contained, that he will not during the existence of his employment and for a period of twenty-four (24) months immediately following the termination of his employment, work for, be employed by or otherwise be associated with, in the Southeastern United States, any person, persons, firm, company, partnership, corporation, or other legal entity, *1059 that is directly or indirectly furnishing or otherwise dealing in the type and kind of aeronautic or aerospace consulting service and/or any other business similar to the business of Employer during the time that Employee was so employed. (emphasis added)
Employee further covenants and agrees that at no time during the term of his employment and for twenty-four (24) months immediately following the termination of his employment will he, for himself or on behalf of any other person, persons, firm, company, partnership, corporation, or other legal entity, in the Southeastern United States, sell or endeavor to sell to any of the customers and/or clients of the Employer, any type of products or services similar to the type of products or services sold by the Employer. (emphasis added)
Although the three year term of his written employment agreement expired in January 1992, Sanz continued to work for R.T.A. pursuant to an oral arrangement with the company. Upon the expiration of his written employment agreement, Sanz had become a twenty-five percent shareholder of the company, and had assumed expanded engineering duties. In 1993, however, Sanz's business relationship with R.T.A. soured due in large part to the financial deterioration of the company. Ultimately, Sanz was informed by letter that his employment with the company was being terminated effective November 16, 1993. Approximately two weeks after his termination from R.T.A., Sanz formed an aeronautical engineering services company in the same city as R.T.A. and which performed the same services as R.T.A. Sanz then began to service companies which previously had been serviced by R.T.A.
R.T.A. filed a motion for preliminary injunction in the trial court seeking to enjoin Sanz from operating his newly formed aeronautical engineering services company pursuant to the noncompete clauses of the 1989 employment agreement. The court, after a hearing, entered an order granting R.T.A.'s motion for preliminary injunction. It is from that order which Sanz brings this appeal.
We agree with Sanz's argument on appeal that the trial court erred in entering a preliminary injunction pursuant to the noncompete clauses in a written employment agreement which had been fully performed and had expired by its very terms. Storz Broadcasting Co. v. Courtney, 178 So.2d 40 (Fla. 3d DCA 1965), cert. denied, 188 So.2d 315 (Fla. 1966). In Storz, as in the instant case, the parties executed an employment agreement for a specified number of years. This agreement similarly contained a covenant not to compete for a specified period of time in the event the employee was terminated from the company. Approximately five months prior to the end of the term of employment, the employee filed a declaratory judgment action seeking a decree as to whether the provision would be enforceable upon the expiration of the employment contract. The trial court responded in the negative and this court affirmed, holding that the covenant not to compete related to termination of employment during the term of the agreement and was not applicable after the contract was fully performed.
Similarly in the instant case, we find that the noncompete provisions of the agreement were only applicable if Sanz terminated his employment with R.T.A. during the life of the written agreement  i.e. January 1, 1989  January 1, 1992. Once the agreement had been fully performed and expired on January 1, 1992, the noncompete clauses were no longer enforceable against Sanz upon his termination from the company.
Appellee nevertheless contends that the noncompete covenants of the written agreement survived the expiration of the three year term of the agreement because the parties expressly agreed that those covenants were independent of all other covenants contained in the agreement. Appellee reasons, therefore, that the noncompete clauses are in effect until November 16, 1995, or two years after Sanz's termination from R.T.A. We cannot agree with this reasoning. In our view, the fact that the noncompete clauses were independent of other covenants in the agreement does not mean that they survived the expiration of the contract in the absence of an express provision to that effect. Brenner v. Barco Chem. Div., Inc., 209 So.2d 277 *1060 (Fla. 3d DCA 1968) (noncompete provisions were held to survive the expiration of an employment agreement where 1) the contract expressly provided that its terms would continue after the contract's expiration if the employee continued to work without renewing the contract and 2) the contract expressly provided that the noncompete clause would continue to be in effect following the expiration or termination of the employment).
Moreover, Sanz's continued employment with R.T.A., beyond the expiration of the three year term could not, by virtue of the statute of frauds, serve to extend any of the provisions of the written agreement. Under the statute of frauds, any agreement that is not to be performed within the space of one year from its making must be reduced to writing in order to be enforceable. § 725.01, Fla. Stat. (1991); Tanenbaum v. Biscayne Osteopathic Hosp., Inc., 190 So.2d 777 (Fla. 1966). Further, Sanz's continued performance after the expiration of the written agreement pursuant to any oral agreement with R.T.A. cannot serve to remove the agreement from the confines of the statute of frauds. The law is clear that the doctrine of partial performance of an oral agreement has no applicability to personal service contracts. Miller Constr. Co. v. First Indus. Technology Corp., 576 So.2d 748, 751 (Fla. 3d DCA 1991).
We conclude for all of the foregoing reasons that the order granting the preliminary injunction was error.
Reverse and remand.