755 So.2d 746 (2000)
Howard A. RUBENSTEIN, M.D., Appellant,
v.
PRIMEDICA HEALTHCARE, INC., a Florida corporation, Appellee.
No. 4D98-2797.
District Court of Appeal of Florida, Fourth District.
March 29, 2000.
Keith T. Grumer and Rowena D. Reich of Grumer & Levin, P.A., Ft. Lauderdale, for appellant.
Robert P. Frankel and Philippe Lieberman of Robert P. Frankel & Associates, P.A., Miami, for Appellees-Dr. B.P. Shapiro, P.A., Dr. Marc D. Shapiro, Greater *747 Miami Medical Center, Inc., Greater Miami Medical Center at 163rd Street, Greater Miami Medical Center at 167th Street, Greater Miami Medical Center at Homestead, Greater Miami Medical Center at East Homestead.
Lawrence D. Silverman and Jeffrey D. DeCarlo of Akerman, Senterfitt & Eidson, P.A., Miami, for Appellee-Primedica Healthcare, Inc.
SHAHOOD, J.
Appellant, Howard A. Rubenstein, M.D., appeals from an order granting appellees' motion to dismiss counts II and III of appellant's Second Amended Complaint with prejudice. Because the appeal as to appellees, collectively referred to below as "Shapiro," has been dismissed by this court as premature, this opinion addresses only the trial court's dismissal of Count III of appellant's Second Amended Complaint against Primedica. We reverse and remand with directions that appellant's Second Amended Complaint be reinstated as to Count III.
Appellant initially brought suit against appellees Primedica Healthcare, Inc. ("Primedica"), Dr. B.P. Shapiro, P.A.; Dr. Marc D. Shapiro; Greater Miami Medical Center, Inc.; Greater Miami Medical Center at 163rd Street, Inc.; Greater Miami Medical Center at 167th Street, Inc.; Greater Miami Medical Center at Homestead, Inc. and Greater Miami Medical Center at East Homestead, Inc. for declaratory relief and damages arising out of his employment with appellees.[1]
In a Second Amended Complaint, appellant alleged that he entered into a written employment agreement with appellees Dr. B.P. Shapiro, P.A., Greater Miami Medical Center and Greater Miami Medical Center at 163rd Street (hereafter collectively referred to as "Shapiro") on January 2, 1991 for a one-year term ending on December 31, 1991. The agreement provided for an automatic renewal for a one year period commencing January 1, 1992 through December 31, 1992, unless six months prior written notice was given. In 1992, Shapiro provided appellant with a proposed new written contract for a one-year term commencing January 1, 1992 through December 31, 1992, with an automatic renewal for the period of January 1, 1993 through December 31, 1993. Appellant alleged that even though the document was never executed, the parties performed under an "oral contract," including payment of a salary increase. He claimed that he worked under the terms of the 1992 unexecuted agreement from January 1, 1992 through September 1, 1994.
In Count II, appellant alleged a breach of oral contract against Shapiro for failure to pay the entire compensation he was allegedly due for the period of January 1, 1992 through September 1, 1994.
In Count III, appellant alleged that on September 1, 1994, Primedica acquired all of Shapiro's assets, including their oral contract with appellant. He claimed that the oral agreement was assigned to Primedica and that he continued to perform under the terms of the oral contract until he was notified of his termination by Primedica on March 16, 1996. Thus, Primedica breached its "Assigned Agreement" by failing to pay him full compensation through the date of termination and other benefits due him under the terms of the contract.
In seeking dismissal of appellant's complaint, Primedica claimed that appellant failed to plead the existence of an enforceable contract and that his claim was barred by the statute of frauds. The trial court granted appellees' motion and dismissed *748 count III against Primedica with prejudice.
When ruling on a motion to dismiss for failure to state a cause of action, the trial court must accept the allegations of a complaint as true and in the light most favorable to the plaintiffs. See Sarkis v. Pafford Oil Co., 697 So.2d 524, 526 (Fla. 1st DCA 1997); Hollywood Lakes Section Civic Ass'n v. City of Hollywood, 676 So.2d 500, 501 (Fla. 4th DCA 1996). Likewise, the appellate court must accept the facts alleged in a complaint as true when reviewing an order that determines the sufficiency of the complaint. See Sarkis, 697 So.2d at 526. Because the issue of whether a complaint is sufficient to state cause of action is one of law, the standard of review is de novo. See id.
On appeal, appellant argues that he sufficiently pled a cause of action for breach of an oral agreement in Count III and that it was not barred by the statute of frauds since the oral contracts sued upon were each for a period of one year with an automatic renewal. Further, even if the contracts were for a term in excess of one year, appellant fully performed under the agreements, thereby taking it out of the statute of frauds.
Primedica counters that appellant failed to allege the existence of an enforceable contract and that the alleged agreement, by its terms, was not to be performed within one year. Primedica maintains that it was the intent of the parties that the unexecuted agreement be for a period of two years, from January 1, 1992 until December 31, 1993. Thus, since the agreement was not capable of being performed within one year, it was barred by the statute of frauds.
In order to state a cause of action for breach of an oral contract, a plaintiff is required to allege facts that, if taken as true, demonstrate that the parties mutually assented to "a certain and definite proposition" and left no essential terms open. See W.R. Townsend Contracting, Inc. v. Jensen Civil Constr., Inc., 728 So.2d 297 (Fla. 1st DCA 1999). Compare Carole Korn Interiors, Inc. v. Goudie, 573 So.2d 923 (Fla. 3d DCA 1990)(Company which provided interior design services sufficiently alleged cause of action for breach of oral contract, where company alleged it had entered into oral contract with defendants for interior design services, that company had provided agreed services, that defendants breached contract by refusing to remit payment, and that company suffered damages.).
In this case, appellant sufficiently pled that Primedica, upon acquiring Shapiros' assets which included their oral agreement with appellant, mutually assented to appellant's continued employment under the same terms and conditions as with Shapiro. Further, he alleged that he suffered damages as a result of his termination.
Under the statute of frauds, any agreement that is not to be performed within the space of one year from its making must be reduced to writing in order to be enforceable. See Sanz v. R.T. Aerospace Corp., 650 So.2d 1057, 1060 (Fla. 3d DCA 1995); § 725.01, Fla. Stat. (1995). Only if a contract could not possibly be performed within one year would it fall within the statute. See Hesston Corp. v. Roche, 599 So.2d 148 (Fla. 5th DCA 1992). The statute of frauds only applies to executory contracts, not to agreements that have been fully performed. Full performance takes the agreement beyond the operation of section 725.01. See Moneyhun v. Vital Indus., Inc., 611 So.2d 1316, 1319 (Fla. 1st DCA 1993).
In Rothman v. Gold Master Corp., 287 So.2d 735 (Fla. 3d DCA 1974), appellant appealed from an order granting defendant's motion to dismiss his complaint with prejudice. In his complaint, appellant alleged that he entered into an oral contract of employment with the defendant to commence on July 1, 1965 and terminate on June 30, 1966. Further, he alleged that the oral contract was renewable each year *749 by virtue of mutual acts and performances, that the parties annually renewed the contract and that on July 1, 1971 the contract was renewed with the understanding that appellant would relocate himself and his family to Florida. In November 1971, prior to the end of the term of the contract, appellant was dismissed from his employment without cause.
In reversing, the Third District held that where an agreement expires by its terms and without more, the parties continue to perform as before, an implication arises that they have mutually assented to a new contract containing the same provisions as the old. See id. at 736. Further, the court held that if a pleading informs the defendant of the nature of the cause against him, the pleading is sufficient. See id. at 737 (citing Weich v. Cook, 250 So.2d 281 (Fla. 1st DCA 1971)). Thus, the oral renewal of a one-year oral contract took the contract out of the statute of frauds. See id.
As in Rothman, we hold in this case that appellant sufficiently stated a cause of action for breach of an oral agreement. This does not, however, preclude appellee from raising his affirmative defense of statute of frauds at a later stage in these proceedings.
Because we are reinstating appellant's cause of action as to Count III, we decline to address the second issue raised by appellant.
REVERSED AND REMANDED.
POLEN, J., and GLICKSTEIN, HUGH S., Senior Judge, concur.
NOTES
[1] Appellees, Greater Miami Medical Center at 167th Street, Inc., Greater Miami Medical Center at Homestead, Inc., Greater Miami Medical Center at East Homestead, Inc. and Dr. Marc D. Shapiro were dismissed from Count II of appellant's initial complaint for breach of an express contract because they never executed the agreement which formed the basis for appellant's claim.