912 So.2d 711 (2005)
Douglas GRAY, an individual, Robert Dallin, an individual, and Management by Pinnacle, Inc., a Florida corporation, Appellants,
v.
PRIME MANAGEMENT GROUP, INC., Appellee.
No. 4D04-1940.
District Court of Appeal of Florida, Fourth District.
November 2, 2005.
Rehearing Denied November 9, 2005.
*712 Christopher C. Sharp of Rothstein Rosenfeldt Adler, Fort Lauderdale, for appellants.
Rachelle R. McBride and Kerry A. Raleigh of Sachs, Sax & Klein, P.A., Boca Raton, for appellee.

CORRECTED OPINION
PER CURIAM.
We withdraw our previously issued opinion and substitute the following in its place.
Appellants seek reversal of a temporary injunction. They were enjoined from soliciting existing clients of Prime Management Group. We reverse because enforcement of Douglas Gray's non-compete clause after expiration of the employment agreement violates the Statute of Frauds. Sanz v. R.T. Aerospace Corp., 650 So.2d 1057 (Fla. 3d DCA 1995).
Prime Management is a property management and maintenance service organization. Appellant Douglas Gray was employed and served as Prime's president. Appellant Robert Dallin was Prime's Vice President. Gray resigned as President. Dallin resigned soon after. The two started Pinnacle, a competing management business. At issue is Gray's employment contract with its covenant not to compete and nondisclosure of information clauses. Dallin did not sign an agreement.
Gray was hired by Prime in May 1997. The following month he entered into an employment agreement. The term of employment under the contract was to commence on the effective date, May 1, 1997, and end five years from that date, "unless terminated pursuant to section 6 of this Agreement, or unless extended by the mutual agreement of the parties hereto." The agreement contained a restrictive covenant prohibiting Gray from competing with Prime in the business of property management and maintenance services, and from soliciting the business of Prime's clients, for a period of eighteen months "following termination of this Agreement." Gray resigned from Prime in July 2003 and thereafter started Pinnacle.
Prime sued Gray, Dallin, and Pinnacle alleging breach of contract, tortious interference with a business relationship, misappropriation of trade secrets, and conspiracy. It also moved for the injunctive relief that is the subject of this non-final appeal.
Section 542.335, Florida Statutes, provides that restrictive covenants are valid restraints of trade or commerce if they are reasonable in time, area and line of business; set forth in a writing signed by the party against whom enforcement is sought; the contractually specified restraint is supported by at least one legitimate business interest justifying the restraint; and the covenant is reasonably necessary to protect that interest. § 542.335(1), Fla. Stat.[1] Under the Statute of Frauds, any agreement that is not to be performed within the space of one year from its making must be reduced to writing in order to be *713 enforceable. § 725.01, Fla. Stat. (1997); Tanenbaum v. Biscayne Osteopathic Hosp., Inc., 190 So.2d 777 (Fla.1966). Gray, Dallin, and Pinnacle take issue with the trial court's forgiving of the "writing" requirement required by both section 542, Florida Statutes, and the Statute of Frauds.
The trial court relied on several cases for the proposition that where an employment agreement expires by its own terms, and the parties continue to perform as before, an implication arises that they have mutually assented to a new contract containing the same terms as the old. Rubenstein v. Primedica Healthcare, Inc., 755 So.2d 746 (Fla. 4th DCA 2000); Sultan v. Jade Winds Constr. Corp., 277 So.2d 574 (Fla. 3d DCA 1973); Port-A-Pit, Inc. v. Gerhart, 138 B.R. 624 (U.S.Bank.Ct.M.D.Fla. 1992). Those cases involved enforcement of one year employment agreements, or one year renewals, exempting them from the Statute of Frauds. Here, the agreement would have to extend at least fifteen months as Gray resigned in July 2003.
Five years from the effective date of the agreement was April 30, 2002. The trial court found that after that date Gray continued to work for Prime as if the Agreement continued in full force and effect and that in the summer of 2003, while Prime and Gray were negotiating the terms of a new contract, they did not act as if the Agreement or the covenant not to compete had expired. "Without saying so, they acted as if they had extended the Agreement by mutual agreement pursuant to paragraph 4 thereof." The trial court concluded that an implication arose that Prime and Gray had mutually assented to a new contract containing the same provisions as the old. Rubenstein, 755 So.2d at 749. We reverse, finding that the Statute of Frauds required the written renewal of Gray's fully performed contract. Sanz, 650 So.2d at 1057; Gafnea v. Pasquale Food Co., 454 So.2d 1366 (Ala.1984).
We point out that this court was not provided with a transcript of the evidentiary injunction hearing. Consequently, we have considered only legal issues, or those issues based on undisputed facts. Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150 (Fla.1979).
We agree with the Third District's conclusion that where a written employment contract has expired and the employee has continued working under an oral contract, a covenant not to compete contained in the original contract cannot always be enforced. Sanz v. R.T. Aerospace Corp., 650 So.2d 1057 (Fla. 3d DCA 1995). Sanz reasoned that the contract there to which the covenant was ancillary had been fully performed and had expired by its terms. 650 So.2d at 1059 (citing Storz Broadcasting Co. v. Courtney, 178 So.2d 40 (Fla. 3d DCA 1965), cert. denied, 188 So.2d 315 (Fla.1966)).
Sanz rejected the employer's contention that the non-compete covenants of the written agreement survived the expiration of the three-year term of the agreement. The Third District reasoned that the fact that the non-compete clauses were independent of other covenants in the agreement did not mean that they survived the expiration of the contract in the absence of an express provision to that effect. Id.; compare Brenner v. Barco Chems. Div., Inc., 209 So.2d 277 (Fla. 3d DCA 1968) (non-compete provisions were held to survive the expiration of an employment agreement where the contract expressly provided that its terms would continue after the contract's expiration if the employee continued to work without renewing the contract).
Addressing the Statute of Frauds, the Third District held that Sanz's continued *714 employment, beyond the expiration of the three-year term therein, could not serve to extend any of the provisions of the written agreement. Further, Sanz's continued performance after the expiration of the written agreement pursuant to any oral agreement could not serve to remove the restrictive covenant from the confines of the Statute of Frauds. Herein, Prime argues that there is no Statute of Frauds violation because of the mutual agreement language of section four of the written contract as follows:
The term of employment hereunder will commence on the Effective date as set forth above [May 1, 1997] and end five (5) years from the Effective date, unless terminated pursuant to Section 6 of this Agreement, or unless extended by the mutual agreement of the parties hereto.
We reject this argument as the language does not specifically refer to the restrictive covenant. Compare Brenner, 209 So.2d at 277.
Based on the foregoing, we conclude that the order granting the temporary injunction as to Gray was error.
Reverse and Remand.
POLEN, KLEIN and SHAHOOD, JJ., concur.
NOTES
[1] Restrictive covenants with an effective date before July 1, 1996 are governed by section 542.33, Florida Statutes. See § 542.331, Fla. Stat. The instant contract began in July 1997.