937 So.2d 1221 (2006)
SILVERMAN WENDER KOONIN EPSTEIN GARCIA & ROSENCWAIG, P.A., etc., et al., Appellants,
v.
Jay J. DENNIS, M.D., Appellee.
No. 3D06-985.
District Court of Appeal of Florida, Third District.
September 20, 2006.
Robert P. Frankel and Nolan K. Klein, Miami, for appellants.
Pertnoy, Solowsky Allen, Miami, and Richard Allen, for appellee.
Before GERSTEN, GREEN, and SUAREZ, JJ.
SUAREZ, J.
The medical practice of Silverman, Wender, Koonin, Epstein, Garcia, & Rosencwaig, P.A. ("Silverman") appeals a non-final order denying its motion to compel arbitration and to stay litigation with its former employee, Dr. Jay Dennis ("Dr. Dennis"). We affirm.
Silverman contends that arbitration is mandatory under Dr. Dennis' employment agreement. Dr. Dennis asserts that the arbitration clause is no longer in effect because the agreement containing the clause has expired.
Dr. Dennis entered into a two-year employment contract to perform hand surgery for the Silverman practice in 2001. The contract contained an arbitration clause requiring the parties to arbitrate any claims or disputes arising out of or related to the contract. The parties agree that the contract expired by its terms in August, 2003. Silverman sent Dr. Dennis a letter confirming the fact that the contract had expired and that Dr. Dennis' employment was being continued on an at-will basis. Dr. Dennis continued working for Silverman for two years after the agreement expired. When he left Silverman in 2005, he filed suit in circuit court seeking remuneration for work he allegedly performed. Silverman moved to compel arbitration, arguing that the employment *1222 contract and its arbitration clause are still controlling because the parties continued to govern themselves according to the agreement's terms after it expired. The trial court denied the motion to compel arbitration and Silverman appeals.
We affirm because the employment contract containing the arbitration clause is no longer in effect. The employment contract in question expired by its terms in 2003. After the agreement expired, Dr. Dennis continued working for Silverman as an at-will employee until he left Silverman's practice in 2005. During those two years, no contract existed between the parties that would obligate them to arbitrate a dispute. Therefore, the trial court correctly rejected Silverman's motion to compel arbitration. See Sanz v. R.T. Aerospace Corp., 650 So.2d 1057, 1060 (Fla. 3d DCA 1995) (holding that a noncompete clause was unenforceable where the written agreement containing that clause had expired and the employee continued performing pursuant to an oral agreement).
Affirmed.