876 So.2d 577 (2004)
Sarah BRODIE, Appellant,
v.
ALL CORPORATION OF USA; Fuji, Inc. of NPB, d/b/a Tokyo Gardens, a Florida corporation; and Nyon Kim, an individual, Appellees.
Nos. 4D02-2348, 4D03-2011.
District Court of Appeal of Florida, Fourth District.
May 19, 2004.
*578 Gerald F. Richman, Mark A. Romance, Ricardo L. Carmona and Michael J. Napoleone of Richman, Greer, Weil, Brumbaugh, Mirabito & Christensen, P.A., West Palm Beach and Miami, for appellant.
Mark R. Osherow of Mark R. Osherow, P.A., Boca Raton, for appellees.
PER CURIAM.
Sarah Brodie appeals the final summary judgment entered against her on a seven-count complaint. The first five counts were against Nyon Kim, Fuji, Inc. of NPB, and All Corporation based on an oral contract. The last two counts were against Kim regarding a separate oral contract. For the reasons discussed below, we reverse.
Brodie and Kim met through a mutual friend and began dating. Kim soon asked Brodie to help him at his restaurant, the Tokyo Gardens in North Palm Beach, and Brodie began working evenings as a hostess. Brodie and Kim traveled to Japan upon the death of Kim's father, and Brodie asserts that Kim and his family offered her joint ownership of the restaurant with Kim if she would assume management responsibility for the restaurant. Brodie accepted and began working at the restaurant full-time and undertaking managerial tasks. It is this purported oral contract that forms the basis of Counts I-V of Brodie's complaint.
Brodie and Kim also decided to purchase a residence together. Brodie alleges that because Kim had poor credit, she promised to secure a mortgage for the home in exchange for Kim paying the monthly mortgage payments and household expenses. Brodie secured a mortgage, and Brodie and Kim took title as joint tenants with the right of survivorship. It is this purported oral contract that forms the basis of Counts VI-VII of Brodie's complaint.
After four years at the restaurant and two years in the home, the relationship between Brodie and Kim deteriorated. Brodie found it necessary to move out of the residence and cease working at the restaurant. Kim then discontinued making the monthly mortgage payments on the house. Kim also refused Brodie an ownership interest in the restaurant or compensation for her work.
As a result, Brodie filed a seven-count complaint. Counts I-V related to the purported restaurant contract and named Kim, and the two family corporations holding the restaurant and its underlying land, as defendants. The counts alleged breach of oral contract, constructive trust, unjust enrichment, promissory estoppel, and quantum meruit. Counts VI-VII related to the purported residence contract and alleged breach of contract and enforcement *579 of a cohabitation agreement against Kim.
The defendants moved for summary judgment on Counts I-V, primarily on the ground that Florida Statutes section 678.319, the Statute of Frauds provision requiring contracts for the sale of securities to be in writing, barred the claims. The trial court granted the motion for summary judgment based solely on section 678.319. Kim then moved for summary judgment on counts VI-VII, based on Florida Statutes section 725.01, the Statute of Frauds provision relating to conveyances of real property, and section 670.206, the Statute of Frauds provision addressing personal property, which the trial court granted.
The standard of review applicable to summary judgment is de novo. Volusia County v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126, 130 (Fla.2000); Bruckner v. City of Dania Beach, 823 So.2d 167, 171 (Fla. 4th DCA 2002) (quoting Aberdeen). "Summary judgment is proper if there is no genuine issue of material fact and if the moving party is entitled to a judgment as a matter of law." Aberdeen, 760 So.2d at 130.
We turn first to Counts I-V. The trial court granted summary judgment on these counts solely on the basis of section 678.319. Prior to its repeal in 1998, the section provided:
A contract for the sale of securities is not enforceable by way of action or defense unless:
(1) There is some writing signed by the party against whom enforcement is sought or by his authorized agent or broker, sufficient to indicate that a contract has been made for sale of a stated quantity of described securities at a defined or stated price.
§ 678.319(1), Fla. Stat. (1997).
We conclude that the trial court erred by granting summary judgment on this ground. The oral contract at issue is an employment contract, not a contract for the sale of securities. As such, section 678.319 does not bar Counts I-V of Brodie's complaint. See Collier v. Brooks, 632 So.2d 149, 153 (Fla. 1st DCA 1994)(rejecting argument that a claim for breach of an oral contract for an ownership interest in a business in exchange for successful management of the business was barred by section 678.319 because the contract was an employment agreement rather than a contract for the sale of securities); Byrd v. Bentley, 850 So.2d 232, 240 (Ala.2002)(holding that an oral contract providing for an interest in a corporation in exchange for managerial success is not a sale of securities, but an employment contract); Baldassarre v. Singer, 444 Pa. 100, 282 A.2d 262, 264 (1971)(discussing the analogous Uniform Commercial Code provision, the court concluded that the section did not apply to an employment contract because: "There is no `price' for stock transferred pursuant to an employment contract. The only consideration is the employment itself.").
We next address Counts VI-VII. The trial court granted summary judgment on these counts based on sections 725.01 and 678.319. The trial court erred in granting summary judgment on these grounds because Brodie fulfilled her obligation under the oral residence contract to secure the mortgage. Full performance of an agreement takes the agreement outside the Statute of Frauds. Rubenstein v. Primedica Healthcare, Inc., 755 So.2d 746, 748 (Fla. 4th DCA 2000); Shaffer v. Ricci, 603 So.2d 566, 568 (Fla. 4th DCA 1992). As such, sections 725.01 and 678.319 did not bar Counts VI-VII or Brodie's complaint.
In sum, the trial court erred by granting summary judgment to the defendants on *580 Counts I-V because the oral employment contract was just that, not a contract for the sale of securities. The trial court also erred by granting summary judgment to Kim on Counts VI-VII, because Brodie's full performance under the oral residence contract placed the agreement outside the Statute of Frauds. Consequently, we reverse.
REVERSED AND REMANDED for further proceedings consistent with this opinion.
GUNTHER, TAYLOR, and MAY, JJ., concur.