712 So.2d 1186 (1998)
Thomas DELUCCA, Appellant,
v.
GGL INDUSTRIES, INC., a Florida corporation, Appellee.
No. 95-4438.
District Court of Appeal of Florida, Fourth District.
June 17, 1998.
*1187 Roger L. Shaffer of Shaffer & Shaffer, Boca Raton, for appellant.
Ira C. Hatch of Ira C. Hatch, P.A., Fort Lauderdale, for appellee.
PER CURIAM.
Appellant was employed as the comptroller of appellee for approximately four years and had signed a noncompete agreement at the inception of his employment. While appellant was still employed, appellee discovered that an outsider possessed confidential information about the appellee and was disseminating that information to appellee's clients. Appellee ultimately discovered that appellant had been giving out the information and brought this action for injunctive relief pursuant to section 688.003, Florida Statute (1994), known as the Uniform Trade Secrets Act.
Appellant admitted that he had given out copies of appellee's tax returns, documents reflecting income, including rebates from vendors, customers' names and addresses, and shipping information. The trial court granted a permanent injunction pursuant to section 688.003, and appellant raises three issues on appeal: (1) whether a permanent injunction was proper where appellant is no longer employed by the company and has no further information to disseminate; (2) whether the information given out constituted trade secrets; and (3) whether appellant was justified in giving out the information because it demonstrated fraudulent practices.
Appellant argues that because he is no longer employed and has destroyed all evidence which he had in his possession, there is no need for an injunction. His claim that he has no further information to give out, however, is based solely on his own testimony, which the trial court may well have found not to be credible. We therefore affirm on that issue. As to the second issue, we find competent substantial evidence that some of the information given out by appellant, which included information about customers which was not available from other sources, constitutes trade secrets under Chapter 688. Mittenzwei v. Industrial Waste Serv., Inc., 618 So.2d 328 (Fla. 3d DCA 1993) and cases cited therein.
*1188 In regard to the third issue, we agree with the appellee that even a person who suspects unfair trade practices does not have unbridled authority to disclose trade secrets. Becker Metals Corp. v. West Florida Scrap Metals, 407 So.2d 380, 382 (Fla. 1st DCA 1981)(even when fraud is alleged and disclosure of trade secrets is necessary, the court is required to "take protective measures to: (1) protect the interests of the holder of the privilege; (2) protect the interests of the parties; and (3) further the interests of justice.").
We therefore affirm.
KLEIN, SHAHOOD and GROSS, JJ., concur.