PER CURIAM.
The issue presented is whether a thirty-six month postterm restrictive covenant on confidentiality of trade secrets was enforceable, where, at the hearing on appel-lee’s motion for injunctive relief, appellee stipulated that it would not rely on the misappropriation of trade secrets to support the injunction. We find that, by this stipulation that it was not relying on a trade secrets claim, appellee waived its right to argue that the duration of the restrictive covenant was reasonable. The granting of the injunction following appel-lee’s waiver, therefore, violated appellants’ procedural due process rights. Accordingly, we reverse the preliminary injunction.
Zodiac Records, through appellant Carlo Piccinonna, entered into a consulting agreement with appellee Choice Environmental Services, on April 7, 2008. The agreement would continue for one year. Appellants agreed that, for thirty-six months after termination of the agreement, they would not compete with Choice by soliciting or influencing any of Choice’s customers to discontinue or reduce the extent of their relationships with Choice. They also agreed to a confidentiality of trade secrets provision to extend for thirty-six months after termination of the agreement. Although Piccinonna continued to work for Choice after the expiration of the agreement, he was never asked to sign any other non-competition or confidentiality agreements. Piccinonna resigned from Choice in June of 2011, formed appellant Great Waste, and admitted to soliciting customers which included customers of Choice. Piccinonna did not know how many customers of Choice he had solicited since creating Great Waste.
Choice filed suit to enforce the restrictive covenants in the agreement. It alleged that appellants, in particular Picci-nonna, should be enjoined from soliciting customers of Choice or using trade secret information for thirty-six months from the termination of the agreement, or April 7, 2012.
Generally, where “a restrictive covenant [is] sought to be enforced against a former employee” or independent contractor, “a court shall presume reasonable in time any restraint 6 months or less in duration and shall presume unreasonable in time any restraint more than 2 years in duration.” § 542.335(l)(d)l., Fla. Stat. (2011). However, “[i]n determining the reasonableness *589 in time of a postterm restrictive covenant predicated upon the protection of trade secrets, a court shall presume reasonable in time any restraint of 5 years or less.” § 542.335(l)(e), Fla. Stat. (2011). In the present case, the consulting agreement expired on April 7, 2009. Therefore, unless the restrictive covenant was “predicated upon the protection of trade secrets,” the restrictive covenant was not enforceable beyond April 7, 2011 — a date prior to Pic-cinonna’s alleged violations of the non-solicitation provision. By contrast, if the restrictive covenant was “predicated upon the protection of trade secrets,” the post-term duration of thirty-six months was enforceable, which would allow Choice to enjoin appellants pursuant to the non-solicitation provision through April 7, 2012.
Choice moved for issuance of a preliminary injunction based on Piccinonna’s alleged violations of the non-compete, non-solicitation, and trade secret confidentiality provisions of the parties’ consulting agreement. Piccinonna contended at the start of the hearing that only the non-compete provision was involved, and it expired pri- or to Piccinonna forming Great Waste. After Choice’s vice president testified at the hearing, its counsel stated that the hearing may be shortened if the court limited its determination to the legality of the restrictive covenant, given that Picci-nonna had admitted to soliciting Choice’s customers. Piccinonna disputed “the idea that proprietary information was taken, trade secrets were taken” and wanted to introduce evidence on the issue. Choice’s counsel believed that he did not have to prove whether Piccinonna stole trade secrets, and stated he was not proceeding under a trade secrets claim. He argued, however, that the five-year term of section 542.335(l)(e), Florida Statutes (2011), applied because the consulting agreement was designed to protect trade secrets.
The parties and the court tried to narrow the issues. Piccinonna’s counsel agreed that if the restrictive covenant “relates to the use of trade secrets, it can be for a longer period of time.” At this, the trial court stated, “[Choice] has abandoned that argument right now.” Later, the trial court stated, “[Piccinonna] doesn’t acknowledge taking trade secrets. He acknowledges going after ... some of the same customers, but he doesn’t acknowledge trade secrets.” Additionally, Picci-nonna’s counsel stated, “I think if they are going to continue on the trade-secret issue, we have to take the rest of the evidence ... because the Court is going to have to enter an order and it is going to have to make specific evidentiary findings.” According to Piceinonna’s counsel, there would be no indication that appellants had “supposedly confidential information.” The following colloquy occurred at the end of the hearing:
[Piccinonna’s counsel]: The other question that I have for the Court is are we — in essence, do — are we traveling under a stipulation that there were no trade secrets misappropriated?
THE COURT: There is no trade secrets as of right now. I mean, he has, for purposes of what we’re doing, moved that aside.
[Piccinonna’s counsel]: Okay ... then I agree that we can move this process forward. If we have to come back, if the Court has to make a decision on whether there were trade secrets, in order to determine whether it can go beyond the two years, you know, then I still think we need to have the evidence.
[[Image here]]
[Choice’s counsel]: It’s our position, Your Honor, that based upon the agreement and the law, it’s our position that the Court does not have to make an evidentiary determination that trade secrets were, in fact, taken in order to grant an injunction.
*590 The trial court then granted Choice’s motion for a preliminary injunction, but it based the injunction on the use of trade secret information, thus the thirty-six month restriction period applied. The court denied appellants’ motions to vacate the injunction and to dissolve the injunction, and bond was set. This appeal ensues.
“None of the elements involved in the notion of procedural due process has greater importance than the right to be heard.” Miller v. Miller, 691 So.2d 528, 529 (Fla. 4th DCA 1997). A trial court may not grant a former employer’s motion for a temporary injunction against a former employee without first permitting the former employee “to put on its evidentiary case.” JonJuan Salon, Inc. v. Acosta, 922 So.2d 1081, 1085 (Fla. 4th DCA 2006).
We find that the entering of the injunction following the stipulation and the court’s representation that “[t]here is no trade secrets as of right now” denied Picci-nonna a meaningful opportunity to be heard on the issue of whether trade secrets were implicated in the present case. After stipulating that it did not have to prove that Piccinonna stole trade secrets, Choice could not then contend that the five-year term of section 542.335(l)(e) was applicable. Further, if Piccinonna had been given the opportunity to present additional evidence as requested, the trial court could have determined that the customer relationships Choice sought to protect under its non-solicitation agreement were not trade secrets, and that the restrictive covenant was therefore unenforceable past April 7, 2011.[1] See Estetique Inc. USA v. Xpamed LLC, 2011 WL 4102340, at *10 (S.D.Fla. Sept.15, 2011) (rejecting movant’s argument that the five-year postterm restriction of section 542.335(l)(e) applied because movant “failed to show a substantial likelihood of success that its confidential customer information rises to the level of a trade secret”); Zupnik v. All Fla. Paper, Inc., 997 So.2d 1234, 1238-39 (Fla. 3d DCA 2008). We note that a former employer’s customer relationships do not automatically qualify as trade secrets, even if a party’s restrictive covenant attempts to characterize them as such. East v. Aqua Gaming, 805 So.2d 932, 934 (Fla. 2d DCA 2001). To qualify as a trade secret, there must be evidence that a customer list “was the product of great expense and effort, that it included information that was confidential and not available from public sources, and that it was distilled from larger lists of potential customers into a list of viable customers for [a] unique business.” Id.
In conclusion, as we find that Choice waived its ability to assert that the five-year term of section 542.335(l)(e), Florida Statutes (2011), applied by asserting it did not have to prove that Piccinonna misappropriated trade secrets, and that appellants’ due process right to be heard was violated by entry of the injunction after this waiver, we reverse the order granting the temporary injunction against appellants, and direct that it be vacated.

Reversed and remanded.

WARNER, GERBER and LEVINE, JJ., concur.

. Piccinonna’s counsel indicated that appellants planned to present evidence that Great Waste obtained customers, including customers of Choice, by cold-calling, which would bear on the issue of whether access to Choice's customers could be obtained through publicly available means. See, e.g., Delucca v. GGL Indus., Inc., 712 So.2d 1186, 1187 (Fla. 4th DCA 1998).